IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DHD Jessamine, LLC, ) | Civil Action Number: 4:22-cv-01235-JD |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Florence County, South Carolina; Frank J. ) | **NOTICE OF MOTION AND MOTION TO** |
| Brand; Jason Springs; Roger M. Poston; ) | **DISMISS OR, IN THE ALTERNATIVE,** |
| Alphonso Bradley; Jerry W. Yarborough; ) | **FOR A MORE DEFINITE STATEMENT ON** |
| Stoney C. Moore; Waymon Mumford; ) | **BEHALF OF DEFENDANTS FLORENCE** |
| and Willard Dorriety, Jr. as the elected ) | **COUNTY, BRAND, SPRINGS, POSTON,** |
| members of the Florence County Counsel; ) | **BRADLEY, YARBOROUGH, MOORE,** |
| and John Does 1-15, ) | **MUMFORD AND DORRIETY** |
| ) | |
| Defendants. ) | |
| ) | |

Defendants Florence County, South Carolina; Frank J. Brand; Jason Springs; Roger M. Poston; Alphonso Bradley; Jerry W. Yarborough; Stoney C. Moore; Waymon Mumford; and Willard Dorriety, Jr. as the elected members of the Florence County Council, by and through their undersigned counsel, hereby move, pursuant to Rules 12(b)(6) and 12(e) for an Order either instructing the Plaintiffs to file an Amended Complaint complying with Fed.R.Civ.P. 8 or dismissing this case based on the failure to comply with Rule 8.

**CASE SUMMARY**

This action was filed on April 15, 2022. Service was accepted for all Defendants on April 19, 2022. The Complaint, which names a total of 9 Defendants (excluding "John Doe" Defendants), consists of 218 paragraphs spread across 70 pages. Attached to the Complaint are 19 exhibits comprising several hundred pages.

1

In several recent cases in this district, district judges or magistrate judges have required plaintiffs to pare down Complaints of similar length and nature. The most recent such case was an Order dated October 6, 2021, in *Parkins by & through Turner v. South Carolina*, 7:21-cv-02641-HMH (ECF No. 27 in that case, copy attached as Exhibit A). There, Judge Herlong held that a 63-page (single spaced) Complaint "contains an enormous amount of information that is inappropriate in a federal court complaint," and ordered that it should be replaced by one limited to no more than 35 pages in length. Judge Herlong also held that the required Amended Complaint should not plead evidentiary matters.

In so holding, Judge Herlong cited a November 28, 2018, Order in *Valentine v. South Carolina*, 3:18-cv-00895-JFA (ECF No. 40 in that case, copy attached as Exhibit B). In that case, Judge Anderson issued a *sua sponte* Order directing Plaintiffs to file an Amended Complaint of no more than 35 pages. In so holding, Judge Anderson made the following observations:

> The Court's task [in reviewing the motions to dismiss] has been made extremely difficult by reason of the fact that the Amended Complaint contains <u>enormous amounts of information that is inappropriate in a traditional federal court complaint</u>.
>
> Rule 8 of the Federal Rules of Civil Procedure provides, quite simply, that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Evidentiary development is to be had by way of discovery and presentation of evidence at a subsequent trial. Indeed, Rule 1 of the Federal Rules of Civil Procedure sets out the Rules' scope and purpose that "they should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

*Valentine, supra,* Order of 11/28/18, ECF No. 40 at 2-3 (emphasis added).

## **STANDARD OF REVIEW**

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be

2

made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed.R.Civ.P. 12(e). Fed.R.Civ.P. 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Persistent failure to comply with Rule 8 can result in the dismissal of a case with prejudice. *Addahoumi v. Pastides*, No. 3:16-CV-1571-CMC-SVH, 2018 WL 636122, at *3 (D.S.C. Jan. 30, 2018), aff'd, 745 F. App'x 478 (4th Cir. 2018), and aff'd, 745 F. App'x 478 (4th Cir. 2018).

## ARGUMENT

The observations of Judges Herlong and Anderson in *Parkins* and *Valentine* apply with equal force here. The present Complaint, like the ones in those cases, "contains enormous amounts of information that is inappropriate in a traditional federal court complaint." In yet another case in this district, a Magistrate Judge recommended in a case involving an overly verbose Complaint that that Complaint be dismissed with leave to file an amended complaint that comports with Fed.R.Civ.P. 8(a)(2), although the recommendation became moot before the district judge reviewed it. *Addahoumi v. Pastides*, No. CV 3:16-1571-CMC-SVH, 2017 WL 4792222, at *3 (D.S.C. July 25, 2017), report and recommendation adopted, No. 3:16-CV-1571-CMC-SVH, 2017 WL 4773357 (D.S.C. Oct. 23, 2017).

All told, the Complaint in this case reads like a brief at the summary judgment or pretrial stage, complete with countless detailed evidentiary references and, starting on p. 49, numerous legal citations. Its allegations bear no resemblance to the requirement of Rule 8 that a complaint must contain "a short and plain statement of the claim...." If the Court were to issue an Order requiring that the Complaint be reduced to 20-25 pages, it would make it possible, without undue burden, for these Defendants to respond to each claim without having to file a detailed Answer responding to every small factual detail set forth in the Complaint. Likewise, the Court's task in reviewing the Complaint would be simplified as well.

## CONCLUSION

These Defendants accordingly request that this case either be dismissed with leave to amend, or that an order be entered similar to those in the cases cited above.

Respectfully submitted,

DAVIDSON, WREN & DEMASTERS, P.A.


   s/William H. Davidson, II

William H. Davidson, II, #425
1611 Devonshire Drive, 2nd Floor
Post Office Box 8568
Columbia, South Carolina 29202-8568
wdavidson@dml-law.com
T: 803-806-8222
F: 803-806-8855

D. MALLOY MCEACHIN, JR., P.A.


   s/D. Malloy McEachin, Jr.

D. Malloy McEachin, Jr., #2811
180 North Irby Street, Room 503
Florence, South Carolina 29501
malloy@mceachinlawfirm.com
T: 843-665-0135
F: 843-665-0716

*Counsel for Defendants Florence County, Brand, Springs, Poston, Bradley, Yarborough, Moore, Mumford and Dorriety*

Columbia, South Carolina
May 10, 2022