# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# FLORENCE DIVISION

| | |
|---|---|
| DHD Jessamine, LLC, ) | Civil Action Number: 4:22-cv-01235-JD |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Florence County, South Carolina; Frank J. ) | |
| Brand; Jason Springs; Roger M. Poston; ) | |
| Alphonso Bradley; Jerry W. Yarborough; ) | |
| Stoney C. Moore; Waymon Mumford; ) | |
| and Willard Dorriety, Jr. as the elected ) | |
| members of the Florence County Council; ) | |
| and John Does 1-15, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

# EXHIBIT A

# to

## MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

# *PARKINS* ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Matthew Thomas Parkins, by and through Andrew Turner, his next of friend and Guardian ad Litem, and Matt Parkins, Individually, ) ) ) ) ) ) Plaintiffs, ) ) vs. ) ) Henry Dargan McMaster, Michael Leach, ) Robert Kerr, Constance Holloway, South ) Carolina Department of Social Services ) (SCDSS), Edward Sexton, Tomekia Means, ) Calvin Hill, Jane Boe, John Boe, South ) Carolina Department of Health and Human ) Services, Joshua Baker, Althea Myers, Jane ) Doe, John Doe, South Carolina Department ) of Disabilities and Special Needs, ) Patrick Maley, Laurens County Disabilities ) and Special Needs Board, Jan Stevens, ) John Poe, Jane Poe, Spartanburg Regional ) Medical Center, Union Medical Center; ) Paul Newhouse, ) Tonya Renee Washington, M.D., ) Jan Bradley, John Roe, and Jane Roe, ) ) Defendants. ) | C.A. No. 7:21-2641-HMH<br><br>**OPINION & ORDER** |

This matter is before the court on the following motions: (1) motion to dismiss for failure to state a claim by Defendants Constance Holloway, Robert Kerr, and Michael Leach; (2) motion to dismiss for failure to state a claim by Defendant Patrick Maley; (3) motion to dismiss or for a more definite statement by Defendants Joshua Baker, Laurens County Disabilities and Special Needs Board, Tomekia Means, Althea Myers, South Carolina Department of Disabilities and Special Needs, South Carolina Department of Health and Human Services, and South Carolina Department of Social Services; (4) motion to dismiss for failure to state a claim by

Defendant Governor Henry Dargan McMaster; (5) motion to dismiss or for a more definite statement by Defendants Jan Bradley, Paul Newhouse, Spartanburg Regional Medical Center, Union Medical Center, and Tonya Renee Washington; and (6) motion to dismiss or for a more definite statement by Defendant Calvin Hill.

The complaint in this action contains 513 single spaced paragraphs, many quite lengthy, and is 63 pages long.[1] (Compl., generally, ECF No. 1-1.) A total of 20 defendants are named,[2] including the Governor of the State of South Carolina, various state agencies, current and former state agency heads, numerous state employees, and medical providers. (Id. 1, ECF No. 1-1.) Eighteen of the named Defendants have moved to dismiss the complaint or for a more definite statement. The complaint alleges the following causes of action: (1) violation of the Americans with Disabilities Act and § 504 of the Rehabilitation Act; (2) violations of 42 U.S.C. § 1983; (3) common law civil conspiracy; (4) federal conspiracy in violation of 42 U.S.C. § 1985; (5) gross neglect; (6) violations of the South Carolina constitution; (7) declaratory judgment; and (8) unjust enrichment.

The court has expended a considerable amount of time reviewing the motions, responses, and complaint in this case, which has been made monumentally more difficult in light of the fact that the complaint contains an enormous amount of information that is inappropriate in a federal court complaint.

Rule 8 of the Federal Rules of Civil Procedure provides, quite simply, that a complaint

---

[1] If the complaint had complied with Local Rule 1.05(E) for double-spacing, the complaint would exceed 120 pages.

[2] Plaintiffs also listed eight unnamed defendants including: John Doe, Jane Doe, John Poe, Jane Poe, John Roe, Jane Roe, John Boe, and Jane Boe.

2

must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule further necessitates that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The complaint in this case is the opposite of short and plain. Further, it is overly complex and fails to clearly identify with sufficient specificity which Defendants are involved in each cause of action. See North Carolina v. McGuirt, No. 04–1305, 04–1306, 2004 WL 2603703 at *3 (4th Cir. Nov. 17, 2004) (per curiam) (unpublished) (finding complaint failed to comply with Rule 8 where it did "not permit the defendants to figure out what legally sufficient claim the plaintiffs are making and against whom they are making it").

It appears that there is likely some merit to the various arguments asserted in the motions to dismiss. However, the court has determined that, at this juncture, the most feasible and efficient course of action is to require the Plaintiffs to file an amended complaint which complies with Rule 8 of the Federal Rules of Civil Procedure. Based on the foregoing, the court denies, without prejudice, the Defendants' motions to dismiss, (ECF Nos. 9, 10, 11, 15, 17, & 23), and instructs the Plaintiffs to file and serve upon defense counsel an amended complaint, limited to no more than 35 pages in length in compliance with Local Rule 1.05. With respect to each cause of action asserted, Plaintiffs shall plainly state in the first paragraph the specific defendants against whom that cause of action is asserted. In addition, evidentiary matters shall

not be pleaded in the amended complaint. The amended complaint must be filed no later than twenty (20) days from the date of this order.

**IT IS SO ORDERED.**

        s/Henry M. Herlong, Jr.
        Senior United States District Judge

Greenville, South Carolina
October 6, 2021