IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| DHD Jessamine, LLC, | ) | Civil Action Number: 4:22-cv-01235-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Florence County, South Carolina; Frank J. Brand; Jason Springs; Roger M. Poston; Alphonso Bradley; Jerry W. Yarborough; Stoney C. Moore; Waymon Mumford; and Willard Dorriety, Jr. as the elected members of the Florence County Council; and John Does 1-15, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# EXHIBIT B

## to

### MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

# *VALENTINE* ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| The Estate of Latoya Nicole Valentine, by and through Debra Grate, Personal Representative and Debra Grate, in her individual capacity,<br><br>       Plaintiff,<br>v.<br><br>The State of South Carolina; the Office of the Governor; Henry D. McMaster; Nimrata "Nikki" Haley; Joshua Baker; Christian Soura; the South Carolina Department of Health and Human Services; the South Carolina Department of Disabilities and Special Needs; the Pickens County Disabilities and Special Needs Board; Robert Kerr; Patrick Maley; Lois Park Mole; Susan Beck; Beverly Buscemi; Kathi Lacy; William Barfield; Thomas Waring; Robert Kerr, Kerr & Company; William Danielson; Elaine Thena; John Owens; and Diane Anderson,<br><br>       Defendants. | C/A: 3:18-895-JFA<br><br><br>ORDER DIRECTING<br>PLAINTIFF TO FILE<br>A SECOND AMENDED<br>COMPLAINT |

The Amended Complaint in this action (ECF No. 15) comprises 525 paragraphs and 82 pages.[1] A total of 22 defendants are named, including the current and former Governors

---

[1] The original Complaint (ECF No. 1) was filed on April 2, 2018. On July 24, 2018, the parties filed a consent motion to extend time to answer or otherwise respond until an amended complaint was filed. It appears from this motion that plaintiff's counsel had previously advised the defendants that an amended complaint would be filed on or before August 2, 2018—the due date for filing an amended complaint by right pursuant to Rule 15. One group of the defendants, however, filed a motion to dismiss on July 12, 2018 (ECF No. 9) prior to the filing of the consent motion. That motion to dismiss was then dismissed as moot by the formerly assigned District Judge Timothy Cain. Thereafter, two motions to dismiss were filed by two groups of the defendants in
(continued...)

1

of the State of South Carolina, various current and former state agency heads, and numerous state employees.

A total of 10 defendants have moved to dismiss the Amended Complaint, in whole or in part. The Amended Complaint alleges the following causes of action: (1) violation of the Act; (2) violation of the ADA and § 504; (3) violation of § 1983; (4) fraud, misrepresentation, and fraudulent conversion; (5) violation of § 1985; (6) common law conspiracy; (7) violation of 42 U.S.C. § 1986; (8) RICO; and (9) *quantum meruit*.

This Court has spent a considerable amount of time reviewing the arguments contained in the memoranda in support of the motions to dismiss, plaintiff's counsels' response thereto, along with the prolix complaints involved in this action. The Court's task has been made extremely difficult by reason of the fact that the Amended Complaint contains enormous amounts of information that is inappropriate in a traditional federal court complaint.

Rule 8 of the Federal Rules of Civil Procedure provides, quite simply, that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Evidentiary development is to be had by way of discovery and presentation of evidence at a subsequent trial. Indeed, Rule 1 of the Federal Rules of Civil Procedure sets out the Rules' scope and purpose that "they should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every

---

[1](...continued)
response to the First Amended Complaint filed on August 2, 2018.

2

action and proceeding."

It appears that there is some merit to various arguments asserted in the motions to dismiss, but the Court has determined that, at this juncture, the most feasible course of action is to require the plaintiff to file a second amended complaint which complies with Fed. R. Civ. P. Rule 8.

To this end, the Court hereby denies, without prejudice, the defendants' motions to dismiss (ECF Nos. 18, 19), and instructs the plaintiff to file and serve upon defense counsel, but not upon the individual defendants, a second amended complaint, limited to no more than 35 pages in length. As to each cause of action asserted, the plaintiff shall make it plain in the first paragraph the specific defendants against whom that cause of action is asserted. Evidentiary matters shall not be pleaded in the new complaint.[2]

Finally, plaintiff's counsel is respectfully reminded of the ethical obligations of licensed attorneys in South Carolina. Some of the previous allegations against some of the defendants suggest intentional and illegal conduct carried out as part of a plan to intentionally injure the plaintiff's decedent in this case. For this reason, in drafting the second amended complaint, counsel should carefully consider whether such allegations are warranted under the facts and circumstances presented in this controversy.

---

[2] In an order filed November 26, 2018, this Court requested that plaintiff's counsel explain to the Court why summons had not been issued (nor requests for waivers of service had been filed) to various defendants named the Amended Complaint since its filing date of August 2, 2018.

3

The Second Amended Complaint must be filed no later than 28 days from the date of this order.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

November 28, 2018
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge