# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| DHD JESSAMINE, LLC, | ) |
| | ) Civil Action No.: 4:22-cv-01235-JD |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FLORENCE COUNTY, SOUTH CAROLINA; FRANK J. BRAND; JASON SPRINGS; ROGER M. POSTON; ALPHONSO BRADLEY; JERRY W. YARBOROUGH; STONEY C. MOORE; WAYMON MUMFORD; and WILLARD DORRIETY, JR. as the elected members of the FLORENCE COUNTY COUNCIL; and JOHN DOES 1-15, | ) **DHD JESSAMINE, LLC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT** |
| | ) |
| Defendants. | ) |

Plaintiff DHD Jessamine, LLC ("Plaintiff") respectfully submits this Opposition to the Motion to Dismiss and the Motion for a More Definite Statement filed by Defendants Florence County, South Carolina; Frank J. Brand, Jason Springs; Roger M. Poston; Alphonso Bradley; Jerry W. Yarborough; Stoney C. Moore; Waymon Mumford; and Willard Dorriety, Jr. (collectively "Defendants") in the above-captioned matter. Defendants' motions are dilatory, frivolous, unreasonable, objectionable, are contrary to applicable law, and a continuation of the improper efforts of Defendants to delay and run out the clock on Plaintiff's ability to develop the Jessamine using Low-Income Housing Tax Credits ("LIHTCs") under The South Carolina State Housing Finance and Development Authority's ("SCSHFDA" or the "Authority") 2021 Qualified Allocation Plan ("2021 QAP").

Each of Plaintiff's eight (8) separate and distinct causes of action against Defendants are sufficiently pled to meet the standards to defeat a motion to dismiss. The motion for a more

definite statement – brought without conferring as required pursuant to Local Rule 7.02 – is not actually seeking a more definite statement, but complains to the Court that Plaintiff's Complaint is too detailed and would be overly burdensome to respond to. Plaintiff's Complaint is clear, and provides sufficient definition to proceed. Moreover, Defendants have had almost a month to raise any concern they had that Plaintiff's Complaint needed clarification, or to seek an extension of time to Answer because of the level of detail provided in Plaintiff's Complaint. Defendants failed to seek any such extension of time to answer or clarification regarding the language in Plaintiff's Complaint, suggesting that these motions are not made in good faith. For these reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss and the Motion for a More Definite Statement.

## INTRODUCTION

Plaintiff has brought this action against Defendants seeking redress for violation of Plaintiff's rights and to vindicate the rights of those affected, including minorities and low-income families with children, due to the conduct of Defendants which had the purpose and effect of disallowing, delaying, blocking, and otherwise interfering with Plaintiff's development of a 60-unit workforce housing development targeted for low-income family households, known as "the Jessamine."

Plaintiff's well pled Complaint contains eight (8) separate and distinct causes of action against Defendants which are based on the same set of factual allegations. These eight causes of action and Plaintiff's prayer for relief make up fifteen (15) of the seventy (70) double-spaced pages of Plaintiff's Complaint. The caption of Plaintiff's Complaint along with the brief introductory portion, the paragraphs identifying and describing the Parties, and the paragraphs describing why both jurisdiction and venue are proper in the United States District Court District of South

Carolina, Florence Division is proper make up six and a half (6.5) pages of the seventy (70) double-spaced pages of Plaintiff's Complaint.  The remaining forty-eight and a half (48.5) pages of the seventy (70) double-spaced pages of Plaintiff's Complaint contain Plaintiff's factual allegations.

In their four-page motion that was not supported by any memorandum, Defendants state that the present Complaint "contains enormous amounts of information that is inappropriate in a **traditional federal court complaint**." *(ECF-7*, at 2) (emphasis added).  Defendants also seek an Order from the Court requiring that Plaintiff's Complaint be reduced to 20-25 pages, to reduce Defendants' burden in responding, and to simplify the Court's task in reviewing the Complaint. *Id*.

There is nothing traditional about Plaintiff's Complaint.  This matter is complex and requires, **at the pleading stage**, a full understanding and ability to analyze the Fair Housing Act of 1968 as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq*., (the "FHA"), the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq*., the Civil Rights Act of 1871, 42 U.S.C. § 1983, the United States Constitution, the South Carolina Constitution, the Florence County Code of Ordinances, Section 42 (the "Low Income Housing Credit Program" or "LIHTC Program"), of the Internal Revenue Code (the "IRC"), the 2021 QAP, and statistical data as shown using data from the United States Census Bureau.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) provides that "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of

relief." Fed. R. Civ. P. 8(a). The language of Rule 8(a) provides the minimum requirements that must be met to satisfy the notice pleading in federal court.

A complaint must meet the "simplified pleading standard" of Rule 8(a)(2), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Stated differently, a complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Coleman v. Md. Ct. of Apps.*, 626 F.3d 187, 190 (4th Cir. 2010) (internal quotation marks omitted).

A complaint survives a Rule 12(b)(6) motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The complaint "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Thus, the rules require more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id*. at 678.

When a complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the court should deny the motion. *Hodgson v. Virginia Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973). A pleading that provides defendant(s) enough to give "fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved," and that is what is required to survive dismissal. *Labram v. Havel*, 43 F.3d 918, 920 (4th Cir. 1995) (quoting *Burlington Indus., Inc. v. Milliken & Co.*, 690 F.2d 380, 390 (4th Cir. 1982)). *Stanton v. Elliott*, 25 F.4th 227, 238 (4th Cir. 2022). An action fails to state a claim upon which relief can be granted **only** if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974, (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasis added).

Federal Rule of Civil Procedure 12(e) provides that "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is **so vague or ambiguous that the party cannot reasonably prepare a response**. The motion must be made before filing a responsive pleading and **must point out the defects complained of and the details desired.** Fed. R. Civ. P. 12(e) (Emphasis added).

A motion under Fed. R. Civ. P. 12(e) is typically reserved for situations in which a complaint is unintelligible, not for lack of detail. *Scarbrough v. R–Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D. Wis. 1985); see also *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342 (4th Cir. 2005). A motion for more definite statement is "designed to strike at unintelligibility rather than a simple want of detail." *Ethox Chem., LLC v. Coca-Cola Co.*, No. 6:12-CV-01682-TMC, 2013 WL 41001 (D.S.C. Jan. 3, 2013). The motion "is not a substitute for the discovery process, and where the information sought by the movant is available or properly sought through discovery, the motion

should be denied." *Id*. Motions for more definite statements, which are generally disfavored, are not a substitute for the discovery process, and where, as in this case, the information sought by the movant is available or properly sought through discovery, the motion should be denied. Frederick v. Koziol, 727 F. Supp. 1019, 1020-21 (E.D. Va. 1990).

## ARGUMENT

### A. DEFENDANTS HAVE NOT MEET THE BURDEN NECESSARY TO SUCCEED ON THEIR RULE 12(B)(6) MOTION TO DISMISS

Under Rule 12(b)(6) the defendant has the burden of showing no claim has been stated." *Richland-Lexington Airport Dist. v. Atlas Properties, Inc.*, 854 F. Supp. 400, 407 (D.S.C. 1994) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013).

Defendants' four-page motion, that was not supported by any memorandum, contains only two (2) paragraphs of argument, one of which focuses entirely on rulings in cases that are totally unrelated to the present Complaint. In the one paragraph of argument that relates to the present Complaint, Defendants have not identified a single cause of action that Plaintiff has not sufficiently pled or provided any legal or factual reasons as to why Plaintiff's Complaint is deficient. Defendants complain that "the Complaint in this case reads like a brief at the summary judgment or pretrial stage, complete with countless detailed evidentiary references, and … numerous legal citations." *(ECF-7*, at 3). Defendants seek for the Court to require Plaintiff to file an Amended Complaint of twenty-five (25) pages or less to lessen the burden of having to respond to Plaintiff's Complaint.

As Defendants have failed to meet their burden of showing no claim has been stated, this Court should deny their Motion to Dismiss for failure to state a claim made under FRCP Rule 12(b)(6).

### B. THE NATURE OF PLAINTIFF'S CLAIMS REQUIRES THE LEVEL OF DETAIL CONTAINED IN PLAINTIFF'S COMPLAINT

In cases where Plaintiff is seeking redress for violations of the FHA under a disparate impact theory of liability the United States Supreme Court has held that a Plaintiff's Complaint must plead with enough specificity to demonstrate a causal connection between the challenged decision or policy and a disparate impact on a protected class recognized by the FHA.

A plaintiff who fails to allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection cannot make out a prima facie case of disparate impact. *Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 543, 135 S. Ct. 2507, 2523, 192 L. Ed. 2d 514 (2015). A robust causality requirement ensures that '[r]acial imbalance ... does not, without more, establish a prima facie case of disparate impact' and thus protects defendants from being held liable for racial disparities they did not create. *Id*. The limitations on disparate-impact liability discussed here are also necessary to protect potential defendants against abusive disparate-impact claims. *Id*. If the specter of disparate-impact litigation causes private developers to no longer construct or renovate housing units for low-income individuals, then the FHA would have undermined its own purpose as well as the free-market system. And as to governmental entities, they must not be prevented from achieving legitimate objectives, such as ensuring compliance with health and safety codes. *Id*.

The Fourth Circuit has only addressed a FHA disparate impact claim on one occasion since *Inclusive Communities,* and in that case the Fourth Circuit reversed the trial court's decision to grant Defendants' Motion to Dismiss for failure to state a claim under FRCP Rule 12(b)(6) as it

related to the Plaintiffs' claims based upon a disparate impact theory of discrimination. *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 428 (4th Cir. 2018). Plaintiffs' Complaint in *Waples* was thirty-two (32) pages in length, and Defendants' Motion to Dismiss argued that Plaintiffs had failed to meet the "robust causality" standard, as described in *Inclusive Communities* for a for a disparate impact claim under the FHA, arguing that Plaintiffs had failed to satisfy the pleading requirements of *Iqbal* and *Twonbly*. (*Reyes v. Waples Mobile Home Park Ltd. P'ship.* 1:16-cv-00563 ECF-26).

In order to satisfy the minimum pleading requirements in a FHA Complaint alleging liability under a disparate impact theory, as stated by the United States Supreme Court, Plaintiff is required to plead with the level of detail and specificity that is contained in Plaintiff's Complaint in order to avoid dismissal. For this reason, this Court should deny Defendants' Motion to Dismiss for failure to state a claim made under FRCP Rule 12(b)(6).

### C. DEFENDANTS HAVE FAILED TO COMPLY WITH THE REQUIREMENTS OF FRCP RULE 12(E)

Defendants failed to satisfy their duty to consult with Plaintiff's counsel prior to filing their Motion for a More Definite Statement as required pursuant to Local Rule 7.02. Plaintiff's counsel reached out to counsel for Defendants on May 12, 2022, in order to gain some clarity as to what exactly counsel for Defendants was seeking to have clarified and to avoid wasting the court's time with unnecessary motions practice. Plaintiff's counsel asked that Defendants' counsel identify the specific paragraphs of Plaintiff's Complaint that are so vague and ambiguous that Defendants cannot reasonably prepare a response, and to point out the specific defects that counsel for Defendants believes are lacking from Plaintiff's Complaint and the details desired in order to be able to reasonably prepare a response. A copy of Plaintiff's counsel's May 12, 2022 correspondence that was sent via E-mail is attached as Exhibit A.

Plaintiff's counsel has received no such reply from counsel for Defendants to the May 12, 2022 correspondence, providing confirmation that Defendants' Motions were not made in good faith.

## CONCLUSION

For these reasons, Plaintiff, DHD Jessamine, LLC, respectfully requests that the Court deny Defendants' Motion to Dismiss and Motion for a More Definite Statement.

        Respectfully submitted,

        By: *s/ J. Taylor Powell*
            Ellis R. Lesemann (Fed. ID No. 7168)
            E-mail: erl@lalawsc.com
            J. Taylor Powell (Fed. ID No. 12265)
            E-mail: jtp@lalawsc.com
            LESEMANN & ASSOCIATES LLC
            418 King Street, Suite 301
            Charleston, SC 29403
            Phone: (843) 724-5155
            Fax: (843) 720-2312

        ***ATTORNEYS FOR PLAINTIFF***
        ***DHD JESSAMINE, LLC***

May 16, 2022
Charleston, South Carolina