# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## FLORENCE DIVISION

| | | |
|---|---|---|
| DHD Jessamine, LLC, | ) | Civil Action Number: 4:22-cv-01235-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Florence County, South Carolina; Frank J. | ) | **ANSWER OF BEHALF OF** |
| Brand; Jason Springs; Roger M. Poston; | ) | **GOVERNMENTAL DEFENDANTS** |
| Alphonso Bradley; Jerry W. Yarborough; | ) | **(Jury trial demanded)** |
| Stoney C. Moore; Waymon Mumford; | ) | |
| and Willard Dorriety, Jr. as the elected | ) | |
| members of the Florence County Council; | ) | |
| and John Does 1-15, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Governmental Defendants, by and through their undersigned counsel, answer Plaintiff's complaint as follows:

## FOR A FIRST DEFENSE

1.    The complaint fails to state a claim for which relief can be granted.

## FOR A SECOND DEFENSE

2.    These Defendants Deny each and every paragraph not hereinafter specifically admitted, qualified, or explained.

## FOR A THIRD DEFENSE

3.    Defendants admit to footnote numbers 1 and/or 2 of Plaintiff's complaint only insofar as it alleges that Councilman Ken Caudle abstained from any discussion or vote relating to

1

Ordinance No. 17-2021/22. Defendants deny all remaining allegations in footnote numbers 1 and/or 2 as stated.

4.        These Defendants admit the allegations of Paragraph 1 only insofar as it alleges that Defendants Frank J. Brand, Jason Springs, Roger M. Poston, Alphonso Bradley, Jerry W. Yarborough, Stoney C. Moore, Waymon Mumford, and Willard Dorriety are elected members of Florence County Council and that those Defendants along with Defendants Florence County and John Does 1-15 have been named as Defendants in this suit. These Defendants deny all other allegations contained in Paragraph 1 as stated.

5.        Paragraph 2 states legal conclusions which cannot be admitted or denied; however, to the extent that paragraph 3 attempts to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

6.        Paragraph 3 states legal conclusions which cannot be admitted or denied; however, to the extent that the allegations of paragraph 3 attempts to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

7.        These Defendants admit to the allegations of Paragraph 4 only insofar as it alleges that the Jessamine project falls within the category of properties affected by the moratorium. These Defendants lack the information sufficient to form a belief as to the extent of conversations between Plaintiff and third parties, and therefore deny those allegations and demand strict proof thereof. These Defendants deny all remaining allegations in paragraph 4 as stated.

8.        As to paragraph 5, these Defendants lack information sufficient to form a belief as to whether Plaintiff was awarded $17,890,344.40 in tax credits through the federal Low-Income Housing Tax Credits and South Carolina state housing tax credits which are contingent on the

completion of the Jessamine and, therefore, deny the same and demand strict proof thereof. These Defendants deny all other allegations contained in Paragraph 5.

9.     These Defendants admit to the allegations of Paragraph 6 only insofar as it alleges that Florence County Ordinance No. 17-2021/22 has been adopted. These Defendants deny all other allegations contained in Paragraph 6 as stated.

10.     These Defendants admit to the allegations of Paragraph 7 only insofar as it alleges that Florence County Ordinance No. 17-2021/22 does not place time requirements on its moratorium, subsequent zoning study, or any other county action and that the process of applying new zoning applications might take more than 4 months after the zoning study. These Defendants Deny all other allegations contained in Paragraph 7.

11.     As to Paragraph 8, these Defendants lack knowledge as to whether the aforementioned tax credits are contingent upon construction of the Jessamine and, therefore, deny the same and demand strict proof thereof. These Defendants deny all other allegations contained in Paragraph 8.

12.     As to paragraph 9, these Defendants lack information sufficient to form a belief as to whether the Plaintiff will be required to surrender the aforementioned tax credits and, therefore, deny the same and demand strict proof thereof. These Defendants deny all other allegations contained in paragraph 9 as stated.

13.     These Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 10 and, therefore, deny the same and demand strict proof thereof.

14.     Paragraph 11 states legal conclusions which cannot be admitted or denied; however, to the extent that the allegations of paragraph 11 attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

15. Upon information and belief, these Defendants admit to the allegations contained in paragraph 12 only insofar as it alleges that Plaintiff is an LLC duly organized under the laws of the State of South Carolina. These Defendants lack information sufficient to form a belief as to the remaining allegations in paragraph 12 and, therefore, deny the same and demand strict proof thereof.

16. These Defendants admit to the allegations of paragraphs 13 and 14 only insofar as it states that Defendants Frank J. Brand, Jason Springs, Roger M. Poston, Alphonso Bradley, Jerry W. Yarborough, Stoney C. Moore, Waymon Mumford, and Willard Dorriety, Jr. are elected members of Florence County Council. The remaining allegations of paragraphs 13 and 14 state legal conclusions which cannot be admitted or denied; however, to the extent the allegations of those paragraphs attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

17. Upon information and belief, these Defendants admit to the allegations of Paragraph 15 only insofar as it alleges that Plaintiff intends Defendants John Doe 1-15 to represent any citizens who conspired with the individually named members of County Council, agents or employees of Florence County, or any other public agency or official to interfere with and deprive Plaintiff of its protected constitutional rights; however, these Defendants deny that any such person exists. The remaining allegations in paragraph 15 are legal conclusions which cannot be admitted nor denied; however, to the extent that those allegations attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

18. Paragraphs 16, 17, 18, and 19 contain legal conclusions which cannot be admitted or denied; however, to the extent that the allegations of paragraphs 16, 17, 18, and 19 attempt to

establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

19.    Upon information and belief, these Defendants admit to the allegations of Paragraph 20 only insofar as it alleges that in 1986, Congress enacted Section 42 of the Internal Revenue Code (IRC), called the Low Income Housing Credit Program (LIHTC Program), which was signed into law by President Ronald Reagan as part of the Tax Reform Act of 1986. These Defendants lack information sufficient to form a belief as to all remaining allegations of paragraph 20 and, therefore, deny the same and demand strict proof thereof.

20.    These Defendants lack information sufficient to form a belief as to paragraphs 21 and 22 and, therefore, deny the same and demand strict proof thereof.

21.    These Defendants lack information sufficient to form a belief as to the allegations of paragraph 23 and, therefore, deny the same and demand strict proof thereof.

22.    Insofar as the allegations of paragraphs 24, 25, 26, 27, 28, 29, and 30 allege the contents of the LIHTC Program, the 2021 QAP, any portion of the Internal Revenue Code, or any other documentation, these Defendants crave reference to that documentation as the best evidence of the contents therein and deny any allegations inconsistent with those contents. The allegations of Paragraph 24, 25, 26, 27, 28, 29, and 30 also state legal conclusions which cannot be admitted or denied; however, to the extent the allegations of those paragraphs attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof. These Defendants lack information sufficient to form a belief as to any remaining allegations and, therefore, deny the same and demand strict proof thereof.

23.    Upon information and belief, these Defendants admit to the allegations of Paragraph 31 only insofar as it alleges that the owner-members of Plaintiff are Douglas

Development, LLC, Holliday Development, LLC, and Shaumber Development, LLC. These Defendants lack knowledge regarding all remaining allegations of paragraph 31 and, therefore, deny those allegations and demand strict proof thereof.

24.     These Defendants lack information sufficient to form a belief as to the allegations of paragraph 32 and, therefore, deny the same and demand strict proof thereof. These Defendants further specifically deny any allegation of conspiracy in paragraph 32, and all other remaining allegations of paragraph 32.

25.     These Defendants admit to the allegations of Paragraph 33 only insofar as it alleges that the property Plaintiff has identified is an assemblage of three parcels totaling 5.93 acres located at 421 Cashua Drive in Florence. These Defendants further admit to the allegations of Paragraph 33 only insofar as it alleges that, at the time of filing Plaintiff's Complaint, the property was within an unincorporated, un-zoned area of Florence. Whether or not Plaintiff could, by right, build and develop the specific intended use at the specific intended density under applicable ordinances and land use regulations is a legal conclusion that cannot be admitted or denied; however, to the extent that allegation attempts to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof. These Defendants lack knowledge as to all remaining allegations contained in Paragraph 33 and, therefore, deny the same and demand strict proof thereof.

26.     These Defendants lack information sufficient to form a belief as to the allegations of paragraphs 34 and 35 and, therefore, deny the same and demand strict proof thereof.

27.     These Defendants admit to the allegations of paragraph 36 only insofar as it alleges that the Plaintiff circulated the rendering contained in Plaintiff's paragraph 36 to the Florence County Planning Commission. These Defendants lack information sufficient to form a belief

6

regarding all remaining allegations contained in paragraph 36 and, therefore, deny the same and demand strict proof thereof.

28.     These Defendants lack information sufficient to form a belief regarding the allegations contained in paragraphs 37, 38, and 39 and, therefore, deny the same and demand strict proof thereof.

29.     These Defendants admit to the allegations of paragraph 40 only insofar as it alleges that Plaintiff was in contact with certain Florence County agencies. These Defendants lack knowledge regarding any remaining allegations contained within paragraph 40 and, therefore, deny the same and demand strict proof thereof.

30.     Upon information and belief, these Defendants admit to the allegations of Paragraph 41 only insofar as it alleges that the property was under contract and Plaintiff applied for LIHTCs for the Jessamine by submitting an application to the Housing Authority. These Defendants lack knowledge regarding any remaining allegation contained in Paragraph 41 and, therefore, deny the same and demand strict proof thereof.

31.     These Defendants lack information sufficient to form a belief as to the allegations of paragraphs 42, 43, 44, 45, and 46 and, therefore, deny the same and demand strict proof thereof.

32.     Insofar as paragraph 47 alleges the contents of an April 26, 2021, letter from Derrick Singletary to Plaintiff, these Defendants crave reference to that letter as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied.

33.     These Defendants lack information sufficient to form a belief as to the allegations of paragraph 48 and, therefore, deny the same and demand strict proof thereof.

34.     These Defendants admit to the allegations contained in paragraph 49 only insofar as it alleges that Plaintiff had been in contact with Florence County and County Council as the full

LIHTC application was finalized, including informing Plaintiff it intended to pay the cost of some infrastructure improvements. These Defendants deny the remaining allegations as stated of paragraph 49.

35.    Insofar as paragraph 50 alleges the contents of an April 26, 2021, email, these Defendants crave reference to that email as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. These Defendants deny any other remaining allegations of paragraph 50.

36.    Insofar as paragraph 51 alleges the contents of a letter sent by Defendant Dorriety, signed on April 27, 2021, these Defendants crave reference to that letter as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. These Defendants deny any remaining allegations of paragraph 51.

37.    These Defendants lack information sufficient to form a belief as to paragraph 52 and, therefore, deny the same and demand strict proof thereof.

38.    These Defendants admit to the allegations of paragraph 53 only insofar as it alleges that during the months of March, April, and May 2021, Plaintiff's representatives communicated with Mr. Brashear and Florence County. These Defendants deny all remaining allegations of paragraph 53 as stated.

39.    Insofar as paragraph 54 alleges the contents of a letter from May 11, 2021, these Defendants crave reference to that letter as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. These Defendants deny all other allegations contained in paragraph 54.

40.    Insofar as paragraphs 55 and 56 alleges the contents of Notifications Letters sent by Plaintiff on May 24, 2021, these Defendants crave reference to those Notification Letters as the

best evidence of the contents therein and deny any allegations inconsistent with those contents. These Defendants lack information sufficient to form a belief as to all remaining allegations in paragraphs 55 and 56 and, therefore, deny the same and demand strict proof thereof.

41.    These Defendants lack information sufficient to form a belief as to the allegations contained in paragraphs 57 and 58 and, therefore, deny the same and demand strict proof thereof.

42.    As to paragraph 59, these Defendants lack knowledge regarding if plaintiff has incurred any costs and if so, what the extent of those costs are, therefore these Defendants deny the same and demand strict proof thereof. Upon information and belief, these Defendants admit to the allegations of paragraph 59 only insofar as it alleges Shaw Research and Consulting, LLC, issued the Jessamine Market Study on May 21,2021. As to the allegations of paragraph 59 regarding the contents of the Jessamine Market Study, these Defendants crave reference to that study as the best evidence of its contents therein, and any allegation inconsistent with those contents is denied. These Defendants deny any remaining allegations contained in paragraph 59.

43.    Insofar as paragraphs 60, 61, 62, 63, 64, 65, 66, 67, and 68 allege the contents of the 2021 QAP, these Defendants crave reference to the 2021 QAP as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. These Defendants lack information necessary to form a belief as to all remaining allegations contained in paragraphs 60, 61, 62, 63, 64, 65, 66, 67, and 68 and, therefore, deny the same and demand strict proof thereof.

44.    Insofar as paragraph 69 alleges the contents of the 2021 QAP and/or the 2021 LIHTC Final Point Scores, these Defendants crave reference to the 2021 QAP and the 2021 LIHTC Final Point Scores as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. These Defendants lack information necessary to form a belief as to any

remaining allegation in paragraph 69 and, therefore, deny the same and demand strict proof thereof.

45.     Insofar as paragraph 70 alleges the contents of the 2021 LIHTC Final Award List, these Defendants crave reference to the 2021 LIHTC Final Award List as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied.

46.     Insofar as paragraph 71 alleges the contents of a letter to Plaintiff dated October 22, 2021, these Defendants crave reference to that letter as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied.

47.     Insofar as paragraph 72 alleges the contents of a letter to Plaintiff dated October 22, 2021, these Defendants crave reference to that letter as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied.

48.     These Defendants lack information sufficient to form a belief as to the allegations contained in paragraphs 73, 74, 75, and 76 and, therefore, deny the same and demand strict proof thereof. These Defendants further specifically deny the allegations of paragraphs 73, 74, 75, and 76 insofar as they attempt to establish any liability or wrongdoing on behalf of these Defendants.

49.     Insofar as the allegations within paragraph 77 refer to the data by the United States Census Bureau, these Defendants crave reference to that data as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied.

50.     Upon information and belief, these Defendants admit the allegations contained within paragraph 78 only insofar as it alleges that Plaintiff had initially planned to develop the Jessamine in Census Tract 12. Insofar as the allegations within paragraph 78 refer to the data by the United States Census Bureau, these Defendants crave reference to that data as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. To the extent

that any remaining allegations of paragraph 78 attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

51.     Insofar as the allegations within paragraphs 79, 80, 81, and 82 refer to the data by the United States Census Bureau, these Defendants crave reference to that data as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. These Defendants lack information sufficient to form a belief as to the remaining allegations contained in paragraphs 79, 80, 81, and 82 and, therefore, deny the same and demand strict proof thereof.

52.     Insofar as paragraph 83 alleges the contents of the Jessamine Market Study, the 2021 LIHTC Final Point Scores, the 2021 LIHTC Final Award List, any data by the United States Census Bureau, the POI, or any other documentation, these Defendants crave reference to the Jessamine Market Study, the 2021 LIHTC Final Point Scores, the 2021 LIHTC Final Award List, any such data by the United States Census Bureau, the POI, or any other such documentation as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. These Defendants lack information necessary to form a belief as to any other allegations contained in paragraph 83 and, therefore, deny the same and demand strict proof thereof.

53.     Insofar as paragraph 84 alleges the contents of the 2021 QAP or the 2022 QAP, these Defendants crave reference to the 2021 QAP and the 2022 QAP as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. These Defendants lack knowledge as to any other allegations contained in paragraph 84 and, therefore, deny the same and demand strict proof thereof.

54.     These Defendants lack knowledge as to the allegations contained in paragraph 85 and, therefore, deny the same and demand strict proof thereof.

55.     These Defendants lack information regarding the allegations of paragraphs 86 and 87 at this time and, therefore, deny the same and demand strict proof thereof.

56.     These Defendants lack knowledge as to the allegations contained in paragraph 88, 89, 90, and 91 and, therefore, deny the same and demand strict proof thereof.

57.     Insofar as the allegations of paragraph 92 allege the contents of "FITSNews" articles published on January 14, 2022, January 18, 2022, and January 20, 2022, these Defendants crave reference to those articles as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. These Defendants deny all other allegations contained in paragraph 92.

58.     These Defendants admit to the allegations of paragraph 93 only insofar as it alleges that Defendant brand was present at a meeting held on January 18, 2022, at the Florence County Club. These Defendants deny all remaining allegations of paragraph 93 as stated.

59.     These Defendants admit to the allegations of paragraph 94 only insofar as it alleges that the January 18, 2022, meeting involved discussion regarding the Jessamine and its impact on traffic and drainage. These Defendants deny all other allegations of paragraph 94 as stated.

60.     Insofar as paragraph 95 alleges the contents of a January 18, 2022, letter to Plaintiff's from Defendant Dorriety, these Defendants would crave reference to such letter as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied.

61.     Insofar as paragraph 96 alleges the contents of a Freedom of Information Act (FOIA) request from a Jeffrey Payne, these Defendants crave reference to such request as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. These Defendants lack information sufficient to form a belief as to any other allegations contained in paragraph 96 and, therefore, deny the same and demand strict proof thereof.

62.    Insofar as paragraph 97 alleges the contents of emails from Tripp Ward, Assistant District Permit Engineer for the South Carolina Department of Transportation (SCDOT), these Defendants crave reference to those emails as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. These Defendants deny any other allegations of paragraph 97.

63.    Insofar as paragraph 98 alleges the contents of SCDOT's Access and Roadside Management Standards Manual (ARMS Manual), these Defendants crave reference to the ARMS Manual as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. These Defendants deny any other allegation of paragraph 98.

64.    Insofar as paragraph 99 alleges the contents of SCDOT's Access and Roadside Management Standards Manual (ARMS Manual), these Defendants crave reference to the ARMS Manual as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. These Defendants lack information sufficient to form a belief as to the remaining allegations in paragraph 99 and, therefore, deny the same and demand strict proof thereof.

65.    To the extent that paragraph 100 alleges the contents of Mr. Payne's January 20, 2022, FOIA request, these Defendants crave reference to that letter as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. These Defendants lack information sufficient to form a belief as to all other allegations contained in paragraph 100 and, therefore, deny the same and demand strict proof thereof.

66.    These Defendants lack information to form a belief as to the remaining allegations of paragraph 101 and 102 and, therefore, deny the same and demand strict proof thereof.

67.    These Defendants deny the allegations of paragraph 103 insofar as it alleges that Florence County Council called a special meeting in response to "discriminatory pressure." These Defendants admit to the remaining allegations contained within paragraph 103.

68.    These Defendants admit to the allegations of paragraph 104 only insofar as it alleges that Ordinance No. 17 2021/22 was introduced at the special meeting by title only, that Defendant Brand resides on Fairway Drive, and that Defendant Brand had attended a January 18, 2022 meeting at the Florence County Club. These Defendants deny all remaining allegations of paragraph 104 as stated.

69.    Insofar as paragraph 105 alleges the contents of the approved minutes posted online by Florence County, these Defendants crave reference to those minutes as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied.

70.    Insofar as paragraph 106 alleges the contents of prior publications of the Florence Morning News, these Defendants crave reference to those publications as the best evidence of the contents therein and deny any allegation inconsistent with those contents. These Defendants deny all other allegations as stated.

71.    Insofar as paragraph 107 alleges the contents of the approved minutes posed online by Florence County, these Defendants crave reference to those minutes as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied.

72.    The allegations contained in paragraph 108 are legal conclusions that can neither be admitted or denied; however, to the extent the allegations of paragraph 108 attempt to establish liability on behalf of these Defendants, these Defendants deny those allegations and demand strict proof thereof.

73.     These Defendants lack information sufficient to form a belief as to the allegations contained within paragraph 109 and, therefore deny the same and demand strict proof thereof.

74.     These Defendants admit to the allegations contained in paragraph 110 insofar as it alleges that Florence County Council held its regularly scheduled meeting on February 17, 2022, and posted onto the agenda was the second reading of Ordinance No. 17 2021/22 as well as a public hearing for this ordinance, the agenda was revised on February 15, 2022, and the Second Reading of Ordinance No. 17-2021/22 was part of the agenda which was revised.  The remaining allegations of paragraph 110 are legal conclusions which cannot be admitted or denied; however, to the extent that those allegations attempt to establish liability on behalf of the these Defendants, these Defendants deny the same and demand strict proof thereof.

75.     Insofar as paragraph 111 alleges the contents of the Florence County approved minutes and the contents of Ordinance No. 17 2021/22, these Defendants would crave reference to those approved minutes and the text of the ordinance as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. These Defendants deny all other allegations contained within paragraph 111.

76.     These Defendants deny the allegations of paragraph 112 insofar as it alleges that any revision was made for the exclusive or unlawful purpose of only blocking or impacting the Jessamine. Insofar as paragraph 112 alleges the contents of the Florence County approved minutes, these Defendants crave reference to those minutes as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. These Defendants deny any remaining allegations of paragraph 112.

77.     These Defendants admit to the allegations of paragraph 113 insofar as it alleges that David Douglas spoke at the public hearing portion of the February 17, 2022, Florence County

Council meeting in opposition to Ordinance No. 17 2021/22 and that David Douglas made various statements indicating that the Ordinance and Moratorium would block a development with a $12,000,000 value and that the LIHTCs awarded to the Jessamine would be lost. However, these Defendants lack knowledge as to the veracity of these statements by David Douglas and therefore deny the same and demand strict proof thereof. These Defendants further admit to the allegations of paragraph 113 only insofar as it alleges that David Douglas quickly asked Florence County Council about what other "donut hole" had the Council been contacted about. These Defendants deny all other accusations contained within paragraph 113 as stated.

78.    These Defendants admit to the allegations contained in paragraph 114 only insofar as it alleges that Following the public comments made by David Douglas, Florence County Councilman Kent Caudle told Defendant Dorriety that he needed to be recused from the issue of Ordinance No. 17 2021/22 that was before Florence County Council, because his firm, Palmetto Commercial Real Estate, was representing the owner of the property in the pending sale to Plaintiff. These Defendants deny all other allegations contained within paragraph 114.

79.    These Defendants admit to the allegations contained in paragraph 115 only insofar as it alleges that Walker Wilcox, an attorney with the law firm of Wilcox, Buyck, & Williams in Florence, who referred to himself as "one of the country club neighbors," spoke in support of Ordinance No. 17 2021/22 at the February 17, 2022 Florence County Council, where he voiced concerns regarding the Jessamine, including that it is a "bad deal for Florence County." These Defendants further admit to the allegations contained in paragraph 115 only insofar as it alleges that Walker Wilcox also made statements to Florence County Council regarding the burden that the Jessamine would put on the surrounding infrastructure, which he described as "crumbling;" stated that "he could not imagine a worse place to put this multifamily development;" and stated

that Plaintiff "was trying to take advantage of an anomaly." These Defendants deny all other allegations contained within paragraph 115.

80.    These Defendants admit to the allegations of paragraph 116 only insofar as it alleges that at the February 17, 2022, regular meeting, following second reading, the Florence County Council voted in favor of a motion to approve second reading of Ordinance No. 17 2021/22 by a vote of 8-0, from which Kent Caudle abstained. These Defendants deny any remaining allegations contained in paragraph 116 as stated.

81.    These Defendants admit to the allegations of paragraph 117 only insofar as it alleges that Drew Schaumber submitted written comments via email to be read aloud at the February 17, 2022, meeting which were ultimately not read because according to Connie Haselden, Clerk to Florence County Council, they were not received by her in time. These Defendants deny all other allegations of paragraph 117 as stated.

82.    Insofar as paragraph 118 alleges the contents of an email from Mr. Schaumber, these Defendants crave reference to that email as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. These Defendants deny all other allegations contained within paragraph 118 as stated.

83.    These Defendants admit to the allegations of paragraph 119 only insofar as it alleges that Jeffrey Payne alerted canceled Freedom of Information request. These Defendants lack information sufficient to form a belief as to the remaining allegations of paragraph 119 and, therefore, deny the same and demand strict proof thereof.

84.    Upon information and belief, these Defendants admit to the allegation contained in paragraph 120 only insofar as it alleges that on February 25, 2022, Shawn Brashear sent an email to Plaintiff's mechanical electrical and plumbing engineer indicating that the Jessamine was

17

one of several thousand properties that are under a development moratorium, that a multifamily

housing project would not be approved under this moratorium, and that it was uncertain when the

moratorium would be lifted. These Defendants lack information necessary to form a belief as to

all other allegations contained in paragraph 120 and, therefore, deny the same and demand strict

proof thereof.

85.    At this time, these Defendants lack information necessary to form a belief as to

paragraphs 121 and 122 and, therefore, deny the same and demand strict proof thereof.

86.    Paragraph 123 contains a legal conclusion which cannot be admitted nor denied;

however, to the extent those allegations attempt to establish liability on the part of these

Defendants, these Defendants deny the same and demand strict proof thereof. As to all other

allegations in paragraph 123, these Defendants lack information sufficient to form a belief as to

those allegations and, therefore deny the same and demand strict proof thereof.

87.    Paragraph 124 contains a legal conclusion which cannot be admitted nor denied;

however, to the extent those allegations attempt to establish liability on the part of these

Defendants, these Defendants deny the same and demand strict proof thereof. As to all other

allegations in paragraph 124, these Defendants lack information necessary to form a belief as to

those allegations and, therefore deny the same and demand strict proof thereof.

88.    Paragraph 125 contains legal conclusions which cannot be admitted nor denied;

however, to the extent those allegations attempt to establish liability on the part of these

Defendants, these Defendants deny the same and demand strict proof thereof.

89.    These Defendants admit to the allegations of paragraph 126 only insofar as it

alleges that these Defendants received a letter from Plaintiff. Insofar as paragraph 126 alleges the

contents of that letter, these Defendants crave reference to that letter as the best evidence of the

18

contents therein, and any allegation inconsistent with those contents is denied. These Defendants deny all other allegation contained in paragraph 126 as stated.

90.     These Defendants lack knowledge as to the allegations of paragraph 127 and, therefore, deny the same and demand strict proof thereof.

91.     Insofar as the allegations of paragraph 128 alleges the contents of a March 14, 2022, letter from plaintiff, these Defendants crave reference to that letter as the best evidence of the contents therein, and any allegation inconsistent with those contents is denied. Defendants lack information sufficient as to all remaining allegations in paragraph 128 and, therefore, deny the same and demand strict proof thereof.

92.     These Defendants admit to the allegations contained in paragraph 129 only insofar as it alleges that Drew Schaumber's written comments were added to the public record, circulated to Council, and included in the meeting minutes on March 16, 2022. These Defendants deny all other allegations as stated.

93.     These Defendants admit to the allegations of paragraph 130; however, these Defendants lack information sufficient to form a belief as to the veracity of Mr. Tallavast's statements and therefore, to the extent paragraph 130 alleges to be true, these Defendants deny the same and demand strict proof thereof.

94.     These Defendants admit to the allegations of paragraph 131 insofar as it alleges that Pierce Campbell, who identified he was of the law firm of Turner Padgett Graham and Laney, P.A., spoke in support of Ordinance No. 17 2021/22 at the March 17, 2022 meeting and that Mr. Campbell stated he lives right beside the Property. These Defendants lack information sufficient to form a belief as to the remaining allegations contained in paragraph 131 and, therefore, deny the same and demand strict proof thereof.

95.    These Defendants admit to the allegations of paragraph 132 only insofar as it alleges that Mr. Campbell spoke as to his opinions and concerns he had regarding Ordinance 17 2021/22 and the Jessamine. These Defendants deny the remaining allegations of paragraph 132 as stated.

96.    These Defendants lack information sufficient to form a belief as to the allegations contained in paragraph 133 and, therefore, deny the same and demand strict proof thereof.

97.    These Defendants admit to the allegations of paragraph 134 only insofar as it alleges that at the March 17, 2022, regular meeting, following the third reading, Florence County Council voted in favor of Ordinance No. 17 2021/22 by a vote of 8-0 with Kent Caudle abstaining. These Defendants deny all other allegations of paragraph 134 as stated.

98.    Paragraphs 135, 136, 137, 138, 139, 140, 141, 142, and 143 state a legal conclusion that cannot be admitted or denied. However, to the extent that paragraphs 135, 136, 137, 138, 139, 140, 141, 142, and 143 attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

99.    As to paragraphs 144 and 145, these Defendants lack information sufficient to form a belief as to those allegations and, therefore, deny the same and demand strict proof thereof.

100.    Paragraph 146 states a legal conclusion that cannot be admitted or denied; however, to the extent that those allegations attempt to established liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof. Further, these Defendants lack information necessary to form a belief as to any remaining allegations in paragraph 146 and, therefore, deny the same and demand strict proof thereof.

101.    These Defendants lack information sufficient to form a belief as to the allegations of paragraphs 147, 148, and 149 and, therefore, deny the same and demand strict proof thereof.

102.    These Defendants deny the allegations of paragraph 150 as stated.

103.    These Defendants deny the allegations of paragraph 151.

104.    Paragraph 152 states a legal conclusion which cannot be admitted or denied; however, to the extent that the allegations of paragraph 152 attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

105.    Defendants lack information sufficient to form a belief as to the footnote from paragraph 154 and, therefore, deny the same and demand strict proof thereof.These Defendants deny all remaining allegations of paragraphs 153 and 154.

106.    In response to paragraph 155, these Defendants reassert all allegations herein, as if repeated verbatim.

107.    Paragraphs 156 and 157 state legal conclusions which cannot be admitted or denied; however, to the extend the allegations of paragraphs 156 and 157 attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

108.    These Defendants deny the allegations of paragraph 158.

109.    Paragraph 159 states a legal conclusion which cannot be admitted or denied; however, to the extent that the allegations of paragraph 159 attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

110.    These Defendants deny the allegations of paragraphs 160 and 161.

111.    In response to paragraph 162, these Defendants reallege every allegation stated herein, as if repeated verbatim.

112.    These Defendants deny the allegations of paragraphs 163 and 164.

113.    Paragraphs 165, 166, and 167 state legal conclusions which cannot be admitted or denied; however, to the extent that the allegations of paragraphs 165, 166, and 167 attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

114.    These Defendants deny the allegations of paragraphs 168, 169, 170, and 171.

115.    In response to the allegations of paragraph 172, these Defendants reallege every allegation herein as if stated verbatim.

116.    Paragraph 173 states a legal conclusion which cannot be admitted or denied; however, to the extent that the allegations of paragraph 173 attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

117.    These Defendants deny the allegations of paragraphs 174, 175, and 176.

118.    In response to the allegations of paragraph 177, these Defendants reallege each and every allegation herein as if stated verbatim.

119.    Paragraphs 178, 179, 180, 181, 182, 183, 184, 185, and 186 state legal conclusions which cannot be admitted or denied; however, to the extent that the allegations of paragraphs 178, 179, 180, 181, 182, 183, 184, 185, and 186 attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

120.    Paragraphs 187 and 188 state legal conclusions which cannot be admitted or denied; however, to the extent the allegations of paragraphs 187 and 188 attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

121.    Paragraph 189 states a legal conclusion which cannot be admitted or denied; however, to the extent those allegations attempt to establish liability on behalf of these Defendants,

these Defendants deny the same and demand strict proof thereof. These Defendants Deny any remaining allegations of paragraph 189.

122.    These Defendants deny the allegations of paragraphs 190, 191, and 192.

123.    In response to paragraph 193, these Defendants reallege each and every allegations stated herein, as if repeated verbatim.

124.    Paragraphs 194 and 195 state legal conclusions which cannot be admitted or denied; however, to the extent the allegations of paragraphs 194 and 195 attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

125.    These Defendants deny the allegations of paragraphs 196, 197, and 198.

126.    In response to paragraph 199, these Defendants reallege every paragraph herein, as if stated verbatim.

127.    Paragraphs 200, 201, and 202 contain legal conclusions which cannot be admitted or denied; however, to the extent that the allegations of paragraphs 200, 201, and 202 attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

128.    These Defendants deny the allegations of paragraphs 203, 204, and 205.

129.    In response to paragraph 206, these Defendants reallege every allegation stated herein, as if repeated verbatim.

130.    Paragraph 207 states a legal conclusion which cannot be admitted or denied; however, to the extent that the allegations of paragraph 207 attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

131.    These Defendants deny the allegations of paragraph 208.

132.    Paragraph 209 states a legal conclusion which cannot be admitted or denied; however, to the extent the allegations of paragraph 209 attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

133.    These Defendants deny the allegations of paragraphs 210 and 211.

134.    In response to paragraph 212, these Defendants reallege each and every allegation stated herein as if repeated verbatim.

135.    Paragraphs 213, 214, 215, 216, 217, and 218 all state legal conclusions which cannot be admitted or denied; however, to the extent that the allegations of paragraphs 213, 214, 215, 216, 217, and 218 attempt to establish liability on behalf of these Defendants, these Defendants deny the same and demand strict proof thereof.

### FOR A FOURTH DEFENSE

136.    Upon information and belief, the County official these defendants are entitled to legislative immunity and, therefore, ought to be dismissed.

### FOR A FIFTH DEFENSE

137.    Upon information and belief, Plaintiff lacks standing to bring its claims, and, therefore, Plaintiff's claims ought to be barred in whole or in part.

### FOR A SIXTH DEFENSE

138.    Upon information and belief, Plaintiff has failed to mitigate its damages and, therefore Plaintiff's claims are barred in whole or in part.

### FOR A SEVENTH DEFENSE

139.    Plaintiff has not pled facts supporting a negligence or gross negligence cause of action and, therefore, those claims ought to be dismissed.

### FOR AN EIGHTH DEFENSE

140.     Even if Plaintiff shows a disparate impact on a minority class, which is specifically denied, that disparate impact has a sufficient justification and, therefore, these Defendants cannot be held liable for a disparate impact claim under the Fair Housing Act.

## FOR A NINTH DEFENSE

141.     These Defendants did not act with discriminatory intent, and, therefore, any claim alleging discriminatory intent under the Fair Housing Act must fail.

## FOR A TENTH DEFENSE

142.     To the extent Plaintiff has alleged a claim under 42 U.S.C. §§ 1983 & 1985, these Defendants assert that the principle of respondeat superior does not apply to actions brought pursuant to §§ 1983 & 1985; therefore, any such claim must be dismissed

## FOR AN ELEVENTH DEFENSE

143.     Plaintiff's claims, in whole or in part, are not ripe for adjudication.

## FOR A TWELFTH DEFENSE

144.     Plaintiff's claim is barred in whole or in part by the applicable statute of limitations.

## FOR A THIRTEENTH DEFENSE

145.     As to Plaintiff's claim for promissory estoppel, these Defendants allege that they made no unambiguous promise sufficient to support such a claim and, therefore, it ought to be dismissed.

## FOR A FOURTEENTH DEFENSE

146.     As to Plaintiff's claim for promissory estoppel, these Defendants allege that Plaintiff's reliance of any promise by Defendant, though these Defendants deny such a promise exists, was unreasonable and therefore Plaintiff's claim ought to be dismissed.

## FOR A FIFTEENTH DEFENSE

147.     Upon information and belief, these Defendants are entitled to sovereign immunity.

## FOR A SIXTEENTH DEFENSE

148.     These Defendants are not "persons" amenable to suit under 42 U.S.C. §§ 1983 or 1985.

## FOR A SEVENTEENTH DEFENSE

149.     Upon information and belief, these Defendants lack standing to bring some or all of their claims.

## FOR AN EIGHTEENTH DEFENSE

150.     These Defendants did not violate any clearly established statutory or constitutional rights and are entitled to qualified immunity.

## FOR A NINTEENTH DEFENSE

151.     At all times, these Defendants acted in good faith and within their discretion and, therefore, are entitled to immunity.

## FOR A TWENTIETH DEFENSE

152.     Plaintiff has not alleged facts sufficient to sustain a claim under the Fair Housing Act and, therefore, those claims ought to be dismissed.

## FOR A TWENTY-FIRST DEFENSE

153.     At all times, these Defendants acted toward the Plaintiff in good faith, in a reasonable manner, and within the scope of their duties.

## FOR A TWENTY-SECOND DEFENSE

154.     The State Tort claims contained in Plaintiff's Complaint are governed by the South Carolina Tort Claims Act (§§ 15-78-10 *et seq.* of the Code of Laws of South Carolina) which provides the exclusive civil remedy for torts committed by a governmental employee.

155.     Defendant Pleads the provisions of the South Carolina Tort Claims Act, including all of its immunities, limitation, and defenses as a defense to Plaintiff's state tort claims.

## FOR A TWENTY-THIRD DEFENSE

156.     Plaintiff has not alleged facts sufficient to show a violation of equal protection rights under 42 U.S.C. § 1983, or any other constitutional or statutory right.

## FOR A TWENTY-FOURTH DEFENSE

157.     Plaintiff has not alleged facts sufficient to support a cause of action under 42 U.S.C. § 1985.

## FOR A TWENTY-FIFTH DEFENSE

158.     Plaintiff has not alleged facts sufficient to support a cause of actions under Title VI of the Civil Rights Act of 1964.

## FOR A TWENTY-SIXTH DEFENSE

159.     Even if Plaintiff has sufficiently pled a claim for negligence or gross negligence, which is specifically denied, these Defendants assert that Plaintiff's claims should be limited or completely barred by the doctrine of comparative negligence.

## FOR A TWENTY-SEVENTH DEFENSE

160.     These Defendants' actions were objectively reasonable in light of existing law, and, therefore, these Defendants are entitled to immunity.

*[Remainder of page intentionally left blank]*

WHEREFORE, having fully answered the Plaintiff's Complaint, these Defendants pray that the Complaint be dismissed with prejudice, for the costs of this action including an award of attorney's fees under 42 U.S.C. §§ 1988 and 3613(c)(2), and for such other and further relief as the court deems just and proper.

Respectfully submitted,

DAVIDSON, WREN & DEMASTERS, P.A.

*s/William H. Davidson, II*

William H. Davidson, II, #425
John P. Grimes, Jr. #13808
1611 Devonshire Drive, 2nd Floor
Post Office Box 8568
Columbia, South Carolina 29202-8568
T: 803-806-8222
F: 803-806-8855
wdavidson@dml-law.com
jgrimes@dml-law.com

*Counsel for Governmental Defendants*

Columbia, South Carolina

December 5, 2022