**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | | |
|---|---|---|
| DHD JESSAMINE, LLC, | ) | Civil Action Number: 4:22-cv-01235-JD |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FLORENCE COUNTY, SOUTH CAROLINA; | ) | **MEMORANDUM IN SUPPORT OF** |
| FRANK J. BRAND; JASON SPRINGS; | ) | **MOTION FOR PROTECTIVE ORDER** |
| ROGER M. POSTON; ALPHONSO | ) | **ON BEHALF OF DEFENDANTS** |
| BRADLEY; JERRY W. YARBOROUGH; | ) | |
| STONEY C. MOORE; WAYMON | ) | **(DEPOSITION OF SHAWN BRASHEAR)** |
| MUMFORD; and WILLARD DORRIETY, JR., | ) | |
| as the elected members of | ) | |
| the FLORENCE COUNTY COUNCIL; and | ) | |
| JOHN DOES 1-15, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Local Rule 7.04, D.S.C., Defendants[1] hereby submit this memorandum in support of its Notice of Motion and Motion for Protective Order.

**PROCEDURAL HISTORY**

On March 1, 2023, Plaintiff's counsel conducted the deposition of non-party Shawn Brashear, Director of Planning and Zoning for Florence County. Therein, he attempted to elicit information from the deponent about conversations he had with the Florence County attorney, Malloy McEachin, Esquire. The undersigned counsel objected and instructed Mr. Brashear not to answer any questions related to conversations he had with Mr. McEachin based upon attorney-

---

[1] No appearance has been made yet on behalf of the John Doe Defendants.

client privilege.[2]  The instant motion has been filed pursuant to Rules 26(c)(1)(D) and 30(d)(3)(B), Fed.R.Civ.P., and in accordance with Local Rule 30.04(C), D.S.C.  For the reasons set forth below, Defendants request that the Court issue an Order preventing Plaintiff's counsel from inquiring about matters which are protected from disclosure by the attorney-client privilege.

## DISCUSSION

Communications between employees of and counsel for an entity are protected by the attorney-client privilege.  *See Upjohn Co. v. United States*, 449 U.S. 383 (1981).  In *Upjohn*, the Court held that communications in the form of written responses by Upjohn employees—at the direction of their superiors—to written questionnaires from counsel for Upjohn were protected attorney-client communications.[3]  *Id.* at 394.  In so deciding, the court stated that attorney client privilege is "the oldest of the privileges for confidential information known to the common law." *id* at 389. Therefore, "if a party demonstrates that attorney-client privilege applies, the privilege affords all the communications between attorney and client *absolute and complete protection from disclosure.*" *In re Allen*, 106 F.3d 582, 600 (4th Cir. 1997) (emphasis added).

Further, the fact that this case involves a governmental entity does not alter the protection afforded by the attorney-client privilege. *See*, *e.g.*, *Wilson v. Preston*, 378 S.C. 348, 662 S.E.2d 580 (2008) (noting a governmental entity enjoys the protection of the attorney-client privilege); *In re Cnty. of Erie*, 473 F.3d 413, 418 (2d Cir. 2007) ("In civil suits between private litigants and government agencies, the attorney-client privilege protects most confidential communications between government counsel and their clients that are made for the purpose of obtaining or

---

[2] The pertinent portion of Mr. Brashear's deposition is attached as Exhibit A to this memorandum.
[3] It is worth noting that the fact that the communications between Mr. Brashear and Mr. McEachin at issue were oral does not alter the Court's conclusion. *Upjohn,* 449 U.S. 396. (stating "[t]he client cannot be compelled to answer the question, 'What did you *say* or write to the attorney?'") (emphasis added).

providing legal assistance."); *In re Lindsey*, 148 F.3d 1100, 1107 (D.C. Cir. 1998) (noting the existence of "a government attorney-client privilege that is rather absolute in civil litigation"). In fact, the attorney-client privilege may provide more protection for the communications at issue. *See Cnty. of Erie*, 473 F.3d at 419 (stating "[I]f anything, the traditional rationale for the attorney-client privilege applies with special force in the government context. It is crucial that government officials, who are expected to uphold and execute the law and who may face criminal prosecution for failing to do so, be encouraged to seek out and receive fully informed legal advice.").

In this case, in response to a question asked by Plaintiff's counsel, the Deponent stated that he was not sure if he could answer because it may include communication with the county attorney. Exhibit A at 1. The undersigned then attempted to have a conference with his client for the purpose of assessing attorney client privilege pursuant to Local Rule 30.04(E); however, this request was refused by Plaintiff's counsel. Id at 1-2. In an effort to prevent further argument and communications becoming any more contentious, the undersigned simply instructed the deponent not to answer so as to ensure privilege was preserved. Id at 2-3. Plaintiff's counsel then asked the deponent "did Mr. McEachin instruct you to implement this ordinance prior to third reading?" Id at 3. The undersigned then, again, instructed the deponent not to answer. Id at 3-4.

Given the events above, Defendants now make this motion for protective order so that the issue of whether deponent's communications with the County Attorney, Malloy McEachin, are privileged may be resolved.

## **CONCLUSION**

In light of the above, Defendants request a protective order under Fed.R.Civ.P. 30(d) in compliance with Local Rule 30.04(C), D.S.C., preventing Plaintiff's counsel from inquiring

further from this deponent of the circumstances surrounding or the contents of privileged attorney-client communications.

DAVIDSON & WREN, P.A.


 *s/William H. Davidson, II*
WILLIAM H. DAVIDSON, II (425)
JOHN P. GRIMES, JR. (13808)
1611 Devonshire Drive, 2nd Floor
Post Office Box 8568
Columbia, South Carolina 29202
wdavidson@dml-law.com
jgrimes@dml-law.com
T: 803-806-8222
F: 803-806-8855

*Counsel for Defendants*

Columbia, South Carolina
March 8, 2023