IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| DHD JESSAMINE, LLC, | ) | Civil Action Number: 4:22-cv-01235-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FLORENCE COUNTY, SOUTH CAROLINA; FRANK J. BRAND; JASON SPRINGS; ROGER M. POSTON; ALPHONSO BRADLEY; JERRY W. YARBOROUGH; STONEY C. MOORE; WAYMON MUMFORD; and WILLARD DORRIETY, JR., as the elected members of the FLORENCE COUNTY COUNCIL; and JOHN DOES 1-15, | ) | **EXHIBIT A**<br><br>**TO**<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER ON BEHALF OF DEFENDANTS** |
| Defendants. | ) | |

# DEPOSITION EXCERPT – SHAWN BRASHEAR
# MARCH 1, 2023

Shawn Brashear - March 1, 2023

1

```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF SOUTH CAROLINA
              FLORENCE DIVISION


DHD JESSAMINE, LLC,                )
                                   )
        Plaintiff,                 )
                                   ) Case No.:
    -versus-                       ) 4:22-CV-01235-JD
                                   )
FLORENCE COUNTY, SOUTH CAROLINA;)
FRANK J. BRAND; JASON SPRINGS;    )
ROGER M. POSTON; ALPHONSO          )
BRADLEY; JERRY W. YARBOROUGH;      )
STONEY C. MOORE; WAYMON MUMFORD;)
and WILLARD DORRIETY, JR., as      )
the elected members of the         )
FLORENCE COUNTY COUNCIL; and       )
JOHN DOES 1-15,                    )
                                   )
        Defendants.                )
```

    THE DEPOSITION OF SHAWN BRASHEAR was taken as a witness on behalf of the Plaintiff, pursuant to Federal Rules of Civil Procedure, at 10:30 a.m. on Wednesday, the 1st day of March, 2023, at the Florence County Complex, 180 North Irby Street, Florence, South Carolina, before Janice O. Darby, Registered Professional Reporter and Notary Public in and for the State of South Carolina.

Electronically signed by Janice Darby (501-053-347-5716)    2adf3820-a428-4d3a-bfc2-b27c10809f1c

```
                                                              2
                   A P P E A R A N C E S


For the Plaintiff:
     LESEMANN & ASSOCIATES, LLC
     Attorneys at Law
     418 King Street, Suite 301
     Charleston, SC  29403
     BY:  MR. J. TAYLOR POWELL




For the Defendants:
     DAVIDSON WREN & DEMASTERS, P.A.
     Attorneys at Law
     1611 Devonshire Drive, Second Floor
     Columbia, SC  29204
     BY:  MR. WILLIAM H. DAVIDSON, II


     McEACHIN & McEACHIN, P.A.
     Attorneys at Law
     180 North Irby Street
     Florence, SC  29501
     BY:  MR. D. MALLOY McEACHIN, JR.




Video by:
     STARLING VIDEOGRAPHY
     Matthew Starling
     (843) 814-5036 starlingvideography@gmail.com

Reported by:
     MS. JANICE O. DARBY
     (843) 814-7666 jodarby@comcast.net (direct)
```

Electronically signed by Janice Darby (501-053-347-5716)                    2adf3820-a428-4d3a-bfc2-b27c10809f1c

Shawn Brashear - March 1, 2023

84

1  ordinance prior to third reading by the county
2  administrator?
3       A    No.
4       Q    Were you directed to implement this
5  ordinance prior to third reading by anybody?
6       A    I don't know that I can answer that
7  question.
8       Q    Well, unless instructed not to by your
9  attorneys, I ask a question, and you've got to
10 provide an answer.
11      A    That may have been a question I asked my
12 attorney.
13      Q    Unless they instruct you not to answer in
14 this setting --
15           MR. DAVIDSON:  Can we take a short
16 break and let us -- he and I talk about it and see
17 if there is something we need to take a privilege?
18           MR. POWELL:  I don't think
19 you-all -- He doesn't get to talk with you and have
20 a privilege conversation.
21           MR. DAVIDSON:  Yeah, he does.
22           MR. POWELL:  No, sir, he doesn't.
23           MR. DAVIDSON:  Yeah, he does.
24           MR. POWELL:  Show me the rule that
25 says that.  You don't get to have a privilege

Electronically signed by Janice Darby (501-053-347-5716)                    2adf3820-a428-4d3a-bfc2-b27c10809f1c

Shawn Brashear - March 1, 2023

85

1   conversation with him once he's been sworn.
2                   MR. DAVIDSON:  I can ask him if
3   there's an area that's privileged, and I can ask him
4   about every document you're showing him today.
5                   MR. POWELL:  No, you cannot.  These
6   are all documents you produced.  You don't get to
7   have a conference.
8                   MR. DAVIDSON:  Under the rules, you
9   have to produce documents two days in advance.
10                  MR. POWELL.  That is a state court
11  rule.  That is not a federal court rule.
12                  MR. DAVIDSON:  Let's talk about
13  this.  I have the right to talk with him about
14  whether or not to assert a privilege.
15                  MR. POWELL:  If you would like to
16  instruct him not to answer, that is your right.  You
17  do not have the right to have a privilege
18  conversation with him once he's been sworn.
19                  MR. DAVIDSON:  I think I do.  But if
20  you want to play that way, that's fine.  We'll play
21  that way.  Don't answer the question.
22                  MR. POWELL:  What was that?  I'm
23  sorry.
24                  MR. DAVIDSON:  Don't answer the
25  question.  Privileged.

Electronically signed by Janice Darby (501-053-347-5716)                    2adf3820-a428-4d3a-bfc2-b27c10809f1c

Shawn Brashear - March 1, 2023

86

1            MR. POWELL:  What's the basis of the
2    privilege?
3            MR. DAVIDSON:  Attorney-client
4    privilege, discussions with his attorney.  He
5    indicated he was asking his attorney.
6            MR. POWELL:  He did not indicate
7    that.  He said he was not sure.  I asked, Were you
8    directed to implement this ordinance prior to third
9    reading by anyone?  And no answer was provided.
10           MR. DAVIDSON:  There was an answer
11   provided.
12           MR. POWELL:  Will you please read
13   back whether or not an answer was provided.
14                (Record read.)
15           MR. DAVIDSON:  There you go.  Thank
16   you.
17   BY MR. POWELL:
18       Q    And so for the record, my question is,
19   were you directed to implement this ordinance prior
20   to third reading by anyone?
21           The court reporter indicated you
22   previously testified, That may have been a question
23   I asked my attorney.
24           My follow up, and I'll give your attorney
25   a chance to follow in, did Mr. McEachin instruct you

Live Oak Reporting
843.437.9697  www.liveoakreporting.com

Shawn Brashear - March 1, 2023

87

1 to implement this ordinance prior to third reading?
2                    MR. DAVIDSON:  Objection.  Instruct
3 the witness not to answer in regard to any matters
4 that were discussed between he and the county
5 attorney as attorney-client privilege.  In other
6 words, don't answer.
7 BY MR. POWELL:
8      Q    Did you direct your staff to implement
9 this ordinance prior to third reading?
10      A    Yes.
11      Q    Was that communicated in writing or at a
12 staff meeting, or do you know?
13      A    I don't know.
14      Q    Mr. Brashear, as part of your job as the
15 director of planning and building, do you review the
16 South Carolina and the Florence County vested rights
17 ordinances?
18      A    From time to time.
19      Q    Are you generally familiar with those?
20      A    Generally.  It's not something that comes
21 up often.
22                    (Exhibit No. 26 marked for
23                     identification.)
24 BY MR. POWELL:
25      Q    Mr. Brashear, I'll represent to you what