IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DHD JESSAMINE, LLC, | ) | Case No.: 4:22-cv-01235-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | **ORDER & OPINION** |
| WILLIAM D. TALLEVAST, V, | ) | |
| | ) | |
| Intervenor-Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FLORENCE COUNTY, SOUTH CAROLINA; FRANK J. BRAND; JASON SPRINGS; ROGER M. POSTON; ALPHONSO BRADLEY; JERRY W. YARBOROUGH; STONEY C. MOORE; WAYMON MUMFORD; and WILLARD DORRIETY, JR., as the elected members of the FLORENCE COUNTY COUNCIL; and JOHN DOES 1-15, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants Florence County, South Carolina, its elected Council members, and John Does 1-15's (collectively "Defendants" or "Florence County") motion for partial summary judgment (DE 69) on Plaintiff DHD Jessamine, LLC's ("DHD's") claim that "the introduction of an ordinance for first reading at a special called meeting violates the Florence County Code of Ordinances, which only allow for the introduction of ordinances for first reading at any regular meeting of Florence County Council."[1]  (DE 1, p. 39, ¶ 108 (emphasis omitted).)

---

[1]    DHD initially moved for partial summary judgment on the ground that Defendant Florence County "violated the Florence County Code of Ordinances and the Rules of the Florence County Council by introducing Ordinance No. 17-2021/22 at a special called meeting." (DE 28.)  This Court denied DHD's motion and stated further that "the Court notes that its reasoning for denial counsels for summary judgment on this claim for Defendants.  In any event, since Defendants have not cross-moved for summary judgment on this claim, the parties are notified that the Court may grant judgment on this claim independent of this

1

DHD and Intervenor-Plaintiff William D. Tallevast, V's ("Tallevast"; collectively with DHD, "Plaintiffs"), did not respond to Florence County's motion for summary judgment or the Court's Rule 56(f), Fed. R. Civ. P., notice (*see* DE 64); therefore, the motion is ripe for review and decision. After reviewing the motion and memoranda submitted, the Court grants Florence County's Motion for Summary Judgment (DE 69) for the reasons provided herein.

## BACKGROUND

On April 15, 2022, DHD brought this action against Defendants seeking, among other things, redress for violation of DHD's rights by Defendants, and to vindicate the rights of those affected by Defendants' conduct, including minorities and low-income families with children. (DE 1.) Specifically, DHD claims Defendants' actions had the purpose and effect of disallowing, delaying, blocking, and otherwise interfering with its development of a 60-unit workforce housing development targeted for low-income family households, known as "the Jessamine." (*Id.*) At issue here is Florence County's authority to introduce Florence County Ordinance No. 17-2021/22 at a special Florence County Council meeting held on January 27, 2022.[2] The Florence County Code of Ordinances Section 2-248(5)(a) provides, in relevant part:

> Any member of council may introduce an ordinance for first reading at any regular meeting of the council, and no advance notice of such introductions shall be required. The introduction of an ordinance shall constitute first reading thereof, and no vote shall be taken, and no debate or amendment shall be in order. The ordinance shall be in order. The ordinance may be introduced by title only, provided that the

---

motion for summary judgment." (DE 64) (citing Rule 56(f), Fed. R. Civ. P.) Given Florence County's motion and the Court's previous ruling, the Court will address the merits of this claim here.

[2]    The title of Florence County Ordinance No. 17-2021/22 states "An Ordinance To Develop A Study Of The Characteristics Of Properties Within The County Of Florence Which Are Bounded By The Incorporated Limits Of A Municipality On At least 75% Of The Sum Of The Properties, Or Cluster Of Properties, Perimeter Boundary Lines; To Further Place A Moratorium On All Development Related Permits For Properties Bounded By The Incorporated Limits Of A Municipality Which Are Currently Designated Unzoned; To Receive Zoning Recommendations For Properties Within The County Of Florence Which Are Bounded By The Incorporated Limits Of A Municipality On At Least 75% Of The Sum Of The Properties Perimeter Boundary Lines And Other Matters Related Thereto." (DE 31-2, p. 30.)

> full text of the ordinance shall be included in the agenda for second reading thereof. If a majority of council concurs, an ordinance shall be referred by the chairman to an appropriate committee.

(DE 28, pp. 5–6 (emphasis omitted).) The Rules of Florence County Council ("Rules of Council") incorporate this language except for the last sentence. (*See* DE 69-2, p. 14.) The Rules of Council further provide in Section 1.4, Date/Times:

> a) <u>Regular Meetings</u> - Regular Meetings of County Council shall be held the first and third Thursday of each month at 9:00 a.m.; provided, however, that during the months of July, August and December, meetings shall be held on the date and time prescribed by the calendar adopted annually by the Council.
>
> b) <u>Special Meetings</u> - Special Meetings may be called by the Chair provided that twenty-four (24) hours' notice has been given to Council members and the public. The members of Council must be informed of the subject(s) to be discussed at a special meeting.

(DE 69-2, pp. 5–6.) DHD's complaint alleges:

> The introduction of an ordinance for first reading at a special called meeting violates the Florence County Code of Ordinances, which only allow for the introduction of ordinances for first reading at any **regular meeting** of Florence County Council. *See* Florence County Code of Ordinances, Chapter 2 Article VI § 2-248(5)(a) (emphasis added). The introduction of Ordinance No. 17 2021/22 at a Special Called Meeting with no notice to the public was a violation of Florence County's own ordinances.

(DE 1, p. 39, ¶108.) Defendants claim the introduction and adoption of Florence County Ordinance No. 17-2021/22 at a special meeting of Florence County Council are lawful acts.

## **LEGAL STANDARD**

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id*. at 322. "A fact is 'material' if proof of its existence or non-existence would affect disposition of the case under applicable law. An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-movant." *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020) (citation omitted). If the burden of proof at trial would be on the nonmoving party "a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Celotex Corp.*, 477 U.S. at 324. "[T]he burden on the moving party may be discharged by 'showing'— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. "If the moving party has not fully discharged this initial burden of production, its motion for summary judgment must be denied . . . ." *Id*. at 332 (Brennan, J., dissenting).

Accordingly, once the movant has made this threshold demonstration, to survive the motion for summary judgment, pursuant to Rule 56(e), the nonmoving party must "go beyond the pleadings and by h[is] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (citation omitted). Under this standard, "the mere existence of a scintilla of evidence" in favor of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion." *Wai Man Tom*, 980 F.3d at 1037.

"Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Cts*, 780 F.3d

562, 568 (4th Cir. 2015) (quoting 10A Charles A. Wright et al., *Federal Practice & Procedure* § 2728 (3d ed. 1998)).  "The court may grant summary judgment only if it concludes that the evidence could not permit a reasonable jury to return a favorable verdict." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761 (4th Cir. 2021).  "Therefore, courts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted and alterations adopted).  A court improperly weighs the evidence if it fails to credit evidence that contradicts its factual conclusions or fails to draw reasonable inferences in the light most favorable to the nonmoving party.  *See id*. at 659-60.

## DISCUSSION

To begin with, this matter was already before the Court on DHD's motion for partial summary judgment.  (*See* DE 28.)  DHD argued that it should be granted partial summary on its claims that "under no set of circumstances were Defendants permitted to introduce Florence County Ordinance No. 17-2021/22 at a special called meeting" and "under no set of circumstances were Defendants permitted to invoke the pending ordinance doctrine as justification for refusing to accept Plaintiff's application for [a] certificate of zoning compliance" (*Id.*, p. 15) because Florence County Code of Ordinances Section 2-248 provides that "[a]ny member of council may introduce an ordinance for first reading at any regular meeting of the council . . . ." (*Id.*, pp. 5–6), *see also* DE 64.)

On the other hand, Defendants argued (among other things) that Section 2-248 "does not indicate that council may *only* introduce ordinances at regular meetings." (DE 31, p. 2.)  The Court's previous order noted that Section 4-9-120 of the South Carolina Code sets forth procedures to be used by County governments in adopting ordinances.  That Code section provides, in part:

5

> [t]he council shall take legislative action by ordinance which may be introduced by any member. With the exception of emergency ordinances, all ordinances shall be read at three public meetings of council on three separate days with an interval of not less than seven days between the second and third readings.

S.C. Code Ann. § 4-9-120. The Court's order noted that DHD did not allege Florence County's actions violated this statutory grant of authority.

Instead, DHD contended that Florence County exceeded the authority it extended to itself. For context, Section 4-9-110 of the South Carolina Code provides that "council shall determine its own rules and order of business." (DE 28.) As noted above, Florence County adopted the Rules of Council, which provide, in part, that "[a]ny member of Council *may* introduce an ordinance for first reading at any regular meeting of the Council, and no advance notice of such introduction shall be required." (DE 69-2, p. 14) (emphasis added.) The Rules of Council further provide in Section 1.4 Date/Times:

> a) Regular Meetings - Regular Meetings of County Council shall be held the first and third Thursday of each month at 9:00 a.m.; provided, however, that during the months of July, August and December, meetings shall be held on the date and time prescribed by the calendar adopted annually by the Council.
>
> b) Special Meetings- Special Meetings may be called by the Chair provided that twenty-four (24) hours[] notice has been given to Council members and the public. The members of Council must be informed of the subject(s) to be discussed at a special meeting.

(DE 69-2, pp. 5-6.) DHD argued that Florence County had, by its own rules, restricted its ability to adopt ordinances only in regular meetings, despite the grant of authority to do otherwise in Section 4-9-120. The Court disagreed with DHD's construction of the Rules of Council and does so here again.

"When conducting statutory analysis, we must first determine whether the meaning of the statute is ascertainable through the text alone. The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used,

6

and the broader context of the statute as a whole." *Healthkeepers, Inc. v. Richmond Ambulance Auth.*, 642 F.3d 466, 471 (4th Cir. 2011) (internal citation omitted). Since Section 4-9-120 of the South Carolina Code does not prohibit the introduction of an ordinance at a special meeting, the Court must determine whether the Rules of Florence County Council expressly prohibits the same. It does not. Although the rules provide for introducing an ordinance at any regular meeting, this authority is permissive (may) and not mandatory (must). *See Fairfax v. CBS Corp.*, 2 F.4th 286, 296 (4th Cir. 2021) ("The word 'may' should not be construed to mean 'must' or 'shall,' unless the clear intention of the legislature demands it." (quoting another source))

As for called special meetings, Defendants contend that Florence County Council has placed a mandatory requirement that "[t]he member of Council *must* be informed of the subjects to be discussed" but it has not otherwise placed other limitations on its legislative or business powers at a special meeting. (DE 69-2, p. 6) (emphasis added); *see* DE 69-1, p. 2.) While the Court notes (as it did in its previous order) that the better practice may be to state in the Rules of Council that "*an ordinance may be introduced at special meetings*," this absence does not invalidate the ordinance. *Cf. Bauer v. South Carolina State Hous. Auth.*, 271 S.C. 219, 231, 246 S.E.2d 869, 875 (1978) (legislation is not invalid simply because a court feels a different methodology would have been more effective). Given there is no allegation that the council members were not informed of Florence County Ordinance No. 17-2021/22 before the special meeting, its action is not unlawful.

7

## **CONCLUSION**

For these reasons, the Court grants Florence County's motion for summary judgment (DE 69) and finds under these facts that Florence County Code of Ordinances Section 2-248 and the Florence County Rules of Council did not preclude the introduction of Florence County Ordinance No. 17-2021/22 at a special meeting.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 3, 2024