IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| DHD Jessamine, LLC, ) | Civil Action Number: |
| ) | 4:22-cv-01235-JD |
| Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| William D. Tallevast, V., ) | |
| ) | |
| Intervenor-Plaintiff, ) | **SUR-REPLY TO PLAINTIFF AND** |
| ) | **INTERVENOR-PLAINTIFF'S REPLY TO** |
| v. ) | **DEFENDANT'S GLOBAL RESPONSE** |
| ) | |
| Florence County, South Carolina, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

In their latest reply, Plaintiff and Intervenor-Plaintiff (hereinafter collectively referred to as "Plaintiffs") raised a new argument which has not been previously raised in any of the briefing formerly submitted to the Court, stating "Defendant's argument that the failure of Plaintiff and intervenor Plaintiff to exhaust state court remedies is fatal to their substantive due process claims is waived" by virtue of the fact that Defendant did not plead exhaustion of administrative remedies in its answer to Plaintiffs' complaints. ECF No. 133 at 6.

Plaintiffs are conflating two unrelated bodies of law. Failure to exhaust administrative remedies, as it pertains to § 1983, is an affirmative defense created by statute, such as the Prison Litigation Reform Act, or PLRA, which does not result in judgement on the merits. *Dickey v. Cohen*, No. CV 9:19-2450-SAL-MHC, 2020 WL 7249905, at *2 (D.S.C. July 24, 2020), report and recommendation adopted, No. 9:19-CV-2450-SAL, 2020 WL 6707610 (D.S.C. Nov. 16,

2020). Indeed, the cases cited by Plaintiffs are PLRA cases brought by inmates to which the PLRA applies and discuss the statutorily created affirmative defense of exhaustion of administrative remedies. *See* id; *see Wilcox v. Brown,* 877 F.3d 161, 167 (4th Cir. 2017); *see Moore v. Bennette*, 517 F.3d 717 (4th Cir. 2008). Defendant does not argue that Plaintiff has failed to exhaust administrative remedies, nor has Defendant attempted to invoke any affirmative defense under the PLRA. Rather, Defendant argues that Plaintiffs' due process claims must be dismissed on the grounds that Plaintiffs were not deprived of due process. To succeed on their due process claims, Plaintiffs must show the "state's action falls so far beyond the outer limits of legitimate governmental action that *no process* could cure the deficiency." *Sylvia Dev. Corp. v. Calvert Cnty., Md.*, 48 F.3d 810, 827 (4th Cir. 1995). State court remedies are processes which could cure any purported deficiencies. Plaintiff cannot prove this essential element of its claim without having utilized the processes provided by the state *See* id (stating a Plaintiff who did not pursue its claim in state court "cannot now argue that the County's alleged violation of state law infringed its substantive due process rights."). Therefore, this argument is not an affirmative defense, but an undisputed fact which undermines an essential element of Plaintiffs' claims.[1] Likewise, Plaintiffs need not be put on notice that they must prove an essential element of their substantive due process claims. Therefore, Plaintiff's contention that Defendant has waived this argument is meritless.

Finally, Plaintiff raises another new argument on reply, namely that *Tri-Cnty Paving, Inc. v. Ashe Cnty.,* 281 F.3d 430 (4th Cir. 2002), only applies to procedural due process claims, not substantive due process claims. Plaintiff is incorrect. *Tri-Cnty Paving* states: "the fact that state

---

[1] For an analogous example, the breach of a duty is an essential element to a negligence claim; however, the lack of the breach of a duty is not an affirmative Defense. A negligence Defendant does not have to affirmatively plead or show that they did not breach a duty—it is incumbent on a Plaintiff to prove this element of his or her claim.

courts are available to redress and correct violations of state law belies the existence of a **substantive** due process claim." *Tri-Cnty. Paving,* 281 F.3d at 441 (internal quotations removed and emphasis added); *see also* ECF No. 89-1 at 5 (Defendant's initial memorandum in support of summary judgment in which they cite to the same). The Court went on to state that "[a]s previously discussed, the North Carolina courts were available for TCP to challenge the County's actions. But TCP did nothing to pursue its claim in state court. TCP cannot now argue that the County's alleged violation of state law infringed its substantive due process." *Tri-Cnty Paving,* 281 F.3d at 441. Given that the *Tri-Cnty* Court specifically states that its reasoning as to procedural due process is also applicable to a substantive due process claim, this argument by Plaintiffs is meritless.

For the foregoing reasons, Defendant's motion for summary judgment must be granted as to Plaintiff's substantive due process claims.[2]

        Respectfully submitted,

        DAVIDSON &WREN, P.A.

        *s/John P. Grimes, Jr.*
        William H. Davidson, II, #425
        John P. Grimes, Jr. #13808
        1611 Devonshire Drive, 2nd Floor
        Post Office Box 8568
        Columbia, South Carolina 29202
        T: 803-806-8222
        F: 803-806-8855
        wdavidson@dml-law.com
        jgrimes@dml-law.com

        *Counsel for Governmental Defendants*

Columbia, South Carolina
April 7, 2025

---

[2] Counsel would also briefly note that in drafting his previous filing, he inadvertently overlooked that the Court had indicated it would consider summary judgment independent of motion.