**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| DHD JESSAMINE, LLC, | ) | Case No. 4:22-cv-01235-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S OMNIBUS** |
| | ) | **MOTION IN LIMINE** |
| FLORENCE COUNTY, SOUTH CAROLINA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff DHD Jessamine, LLC, files this Omnibus Motion in Limine and moves for an Order prohibiting defense counsel from conducting any action, or making any comment, directly or indirectly, on any of the matters addressed herein.  Additionally, Plaintiff asks the Court to instruct defense counsel to make all witnesses aware of rulings on this or any other motion in limine. [1]

Based on prior cases and experiences, Plaintiff moves the Court to preclude Defendant (and Defendant's counsel, representatives, and/or witnesses, etc.) from arguing, testifying, referencing, or otherwise attempting to introduce evidence, either directly or indirectly, in any manner whatsoever during voir dire, opening, examination of witnesses, objections, or argument, without first obtaining the permission of this Court outside the presence and hearing of the jury.

For these reasons, Plaintiff respectfully requests this Court to rule on, and to instruct counsel (and all their witnesses) on the following:

---

[1] This request stems from counsel's prior experiences where rulings on motions in limine were disregarded under the guise that witnesses were "not aware" of Courts' ruling(s).  Often such conduct results in mistrials, and Plaintiff does not wish to try this matter twice.

1.  **APPROACH THE BENCH**.  Plaintiff requests counsel first approach the bench and obtain a Court ruling outside the presence and hearing of all prospective or selected jurors, regarding the matters contained herein.

2.  **INFORM WITNESSES**.  Plaintiff moves the Court for an Order directing counsel to inform all defense witnesses of all rulings on any motion in limine rendered by the Court. Defense counsel should also instruct all such witnesses to refrain from mentioning any such matters in the presence and hearing of jurors or prospective jurors.

3.  **EVIDENCE OR TESTIMONY FROM DEFENDANT'S EXPERT WITNESSES THAT HAS ALRAEADY BEEN DETERMINIED INADMISSABLE**.  Any reference or suggestion to evidence and testimony that has already been determined by this Court to be inadmissible in the Court's prior Orders Granting in Part and Denying in Part Plaintiff's Motion to Exclude Expert Report and any Testimony of Phil Lindler (ECF 116) and Rodney Dooley (ECF 120).  Specifically, this Court has already found that "Phil Lindler is precluded from offering opinions about Defendants' adoption and implementation of the pending ordinance doctrine and whether Defendants' actions satisfied legal requirements for the same." *See* ECF 116 at pg. 8.  This Court has also already determined that "Dooley is precluded from offering opinions at trial in his expert report about vacancy rates and a ten-year loss period." *See* ECF 120 at pg. 14.

4.  **COLLATERAL SOURCE PAYMENTS/BENEFITS**.  Any reference or suggestion that Plaintiff has received, has been entitled to receive, will receive, or will become entitled to receive, benefits of any kind or character from a collateral source.

5.  **ATTACKS ON PLAINTIFF'S TRIAL COUNSEL BY DEFENSE ATTORNEYS**.  Any reference or suggestion as a personal attack and uncivil comments about Plaintiff's trial counsel by Defendant or counsel.  Personal attacks on adversarial counsel have no

place within the truth-seeking context of litigation.

6.  **ADVERTISEMENT BY PLAINTIFF'S ATTORNEYS**.  Any reference or suggestion to the advertisement or the fact that any plaintiff's attorney advertises.  This includes slogans, jingles, or reference to the yellow pages, television, or any media.  The issue of how attorneys obtain business should not become an issue in the case.  The fact that Plaintiff's counsel advertises or uses social media to obtain clients is no more relevant than the practice by defense attorneys of joining exclusive organizations in which to wine and dine insurance adjusters and corporate clients for business.

7.  **FINANCIAL STATUS OF ATTORNEY OR PLAINTIFF**.  Any reference or suggestion to the income or financial status of Plaintiff's attorneys or Plaintiff, including the individual members of Plaintiff, DHD Jessamine, LLC[2].  The wealth or income of the attorneys or Plaintiff, including its members, should not become an issue in the case.

8.  **AMERICAN TORT SYSTEM OR PLAINTIFF'S LAWYERS IN GENERAL**.  Any reference or suggestion, or the introduction of, any evidence by defense counsel directly or indirectly attacking the American court system, plaintiff's attorneys, or recent tort reform campaigns.  Neither the American tort system nor plaintiff's attorneys in general are on trial.  The trial should not be an opportunity for defense counsel to voice opinions on tort reform.  The injuries sustained by Plaintiff are a result of Defendant's negligence and the defense should not be permitted to ignore the issues in this case and attack the tort system in general.

The debate surrounding tort reform is irrelevant to this case and would serve only to inflame and prejudice the jury.  These references would poison this case with anti-lawsuit and anti-

---

[2] The individual members of Plaintiff, DHD Jessamine, LLC are Drew Schaumber, Holly Schaumber, and David Douglas.

lawyer bias, which has been highlighted in recent corporate, media campaign and emotional propaganda. The only thing to be gained in allowing defense counsel to discuss these issues would be a concealment of the truth. This subject applies to trial only and not voir dire.

9. **UNRELATED CLAIMS**. Any reference or suggestion that Plaintiff, or its members, has had unrelated, prior, or subsequent claims, suits or settlements or the amounts thereof. Further, no mention should be made concerning any injuries to Defendant that they did not bring a claim or suit for.

10. **FINANCIAL CONSEQUENCES OF JUDGMENT AGAINST DEFENDANT**. Any reference or suggestion that Defendant is uninsured as to Plaintiff's claims, including, but not limited to, any reference as to Defendant as a county with limited means or ability to pay, or the impact any award or verdict could have on those living in Florence County should be disallowed, or any other such reference which would tend to convey to the jury the impression that Defendant is incapable of paying a monetary award.

11. **PAYMENT OF JUDGMENT**. Any indication of any kind that Defendant will have to pay any judgment through its citizens/residents that may be entered in this case.

12. **PLAINTIFF'S USE OF AWARD**. Any reference or suggestion as to what Plaintiff will or might do with any award of damages Plaintiff might receive.

13. **MONEY WILL NOT UNDO DAMAGE**. Any reference or suggestion to the effect that "money won't undo the injury and damage Plaintiff suffered" because such a suggestion is an improper appeal for jury sympathy toward Defendant and invites the jury to disregard it's duty to apply the legal measure of damages.

14. **DEFENDANT IS SORRY OR APOLOGIZES**. Any reference or suggestion that Defendant is sorry or regrets the occurrence in question, because such a suggestion is an improper

appeal for jury sympathy toward Defendant and invites the jury to disregard its duty to apply the legal measure of damages by awarding such damages as the evidence shows have been caused by such Defendant's misconduct and rather to base a verdict on improper considerations.

15.    **TAXATION OF RECOVERY**.  Any reference or suggestion that any recovery by Plaintiff either would or would not be subject to federal or state income tax or any other form of taxation.

16.    **EMPLOYMENT OF COUNSEL/FEES**.  Any reference or suggestion regarding the time or circumstances under which Plaintiff employed any attorney.  Any reference or suggestion regarding the existence of a contingent fee arrangement between Plaintiff and counsel.

17.    **FAILURE TO CALL EQUALLY AVAILABLE WITNESSES**.  Any reference or suggestion that Plaintiff has not called to testify any witness equally available to both parties in this case.

18.    **VOUCHING FOR OR CHARACTER EVIDENCE OF DEFENSE WITNESSES**.  Any reference or suggestion as to whether Plaintiff or any of Plaintiff's witnesses believe that any of the defense witnesses are honorable or otherwise worthy of belief.  Plaintiff moves to prohibit Defendant, their counsel, or any witnesses from introducing character evidence or vouching for defense witnesses in this case.  Examples of such improper evidence include why any defense witness chose to run for county or city council; their personal dreams, goals or aspirations; civic boards that they may serve on and other community activities that they may be involved in; their general reputation in the community or reference to their social activities, hobbies, or family background.  Matters of this nature are not relevant and solely designed to curry favor with the jury.

19.    **PERSONAL BELIEF OF COUNSEL**.  Any reference or suggestion by defense

counsel as to his or her personal belief concerning the credibility of any witnesses, or as to the merits of Plaintiff's claims, injuries, or damages.

20.     **FUTURE INCOME, ETC. OF PLAINTIFF**.  Any reference or suggestion as to Plaintiff's future income or future developments.

21.     **UNDISCLOSED EVIDENCE**.  Any reference or suggestion as to the existence or contents of any document, photograph, motion picture film or videotape which has not previously been disclosed in the pretrial order until the same has been tendered to the Court and Plaintiff's counsel, outside the presence of the jury, and shown or exhibited to determine its relevance and suitability for introduction into evidence.

22.     **EFFECT OF CLAIMS ON INSURANCE RATES**.  Any reference or suggestion regarding the effect or results of a claim, suit, or judgment upon insurance rates, premiums, charges, or Defendant's ability to procure insurance in the future, either generally or as particularly applied to Defendant's in this case as a result of this or any other lawsuit or claim.

23.     **EFFECT OF AN AWARD AGAINST THE COUNTY**.  Any reference or suggestion that a verdict or damages award in favor of Plaintiff would threaten or impair the County's ability to provide essential public services or to carry out its governmental responsibilities.  Examples of statements that should be barred, include but are not limited to: asserting, implying, or eliciting testimony that any monetary judgment in this case would divert funds from vital services such as law enforcement, fire protection, emergency medical services, public education, sanitation, infrastructure maintenance, or other critical governmental functions.

24.     **REQUESTS FOR PLAINTIFF'S FILE MATERIALS**.  Any demands or requests by defense counsel before the jury for matters found or contained in Plaintiff's or counsel's files, which would include statements, pleadings, photographs, and other documents

directed to Plaintiff or Plaintiff's counsel during the course of the trial and in the presence of the jury.

25.     **REQUESTS FOR PHYSICAL DEMONSTRATIONS**.   Any requests for Plaintiff or any of Plaintiff's witnesses to participate in or assist defense counsel with any physical or other demonstration.

26.     **SUPERSEDED PLEADINGS**.  Any reference or suggestion as to the contents of any pleadings which have been superseded by the current pleadings or pretrial order on file in this case.

27.     **EX PARTE STATEMENTS**.  Any reference or suggestion as to the contents of, or tender of, any ex parte statement or report of any person not then and there present in the Court to testify and to be cross-examined by Plaintiff's counsel.

28.     **TESTIMONY OF UNAVAILABLE WITNESS**.  Any reference or suggestion as to the probable testimony of a witness available to Defendant who is not called to testify in this case.

29.     **SPECIAL EFFORTS REQUIRED BY JURY**.  Any reference or suggestion that the jury must extend special efforts to be fair and impartial to Defendant.

30.     **DOCUMENTS NOT PREVIOUSLY ADDRESSED IN PRE-TRIAL DISCLOSURE**.  Should Defendant wish to introduce any document, writing, photograph, motion picture, video tape, or the like, not previously provided, that the same be tendered to the Court and opposing counsel, outside the presence of the jury, and shown or exhibited to determine its relevance and suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender into evidence by Defendant.  Absent a showing of good cause for the failure to disclose any such documents, the Court should prohibit the introduction of any such

documents, and any testimony relating to any such documents, as a sanction pursuant to Rule 37(c)(1).

31.     **CRIMINAL RECORD OF ANY WITNESS**.   Plaintiff moves to preclude introduction of any criminal record concerning Plaintiff or their witnesses.  Upon information and belief, the only reason such information would be used is to prejudice the jury against Plaintiff and incite passion or caprice which is not the intent or role of the jury in this case.  This is supposed to be a fair and impartial trial in which facts are introduced, and the jury makes its decision based on the evidence.

32.     **FUTURE USE OF WORK PRODUCT, ETC.**  Any reference or suggestion that Plaintiff may use the work product, designs, plans, specifications, or similar materials at issue in this case on any future project.  Any such suggestion would be improper and would unfairly suggest that Plaintiff can recoup its loss in this matter from another source.

33.     **EVIDENCE AND TESTIMONY**.  Any reference or suggestion to any evidence or testimony not revealed in Defendant's discovery responses.  Such evidence would be unfairly prejudicial to Plaintiff's case.  All such evidence should have been disclosed to Plaintiff during discovery.

34.     **FILING THIS MOTION**.  Any reference or suggestion that this Motion has been presented to, or ruled upon, by the Court.  Plaintiff moves that defense counsel is instructed not to suggest to the jury, directly or indirectly, that Plaintiff has sought to exclude any matters from the trial in her case.

35.     **DOCUMENTS NOT PREVIOUSLY ADDRESSED IN PRE-TRIAL ORDER**.  That should Defendant wish to introduce any document, writing, photograph or motion picture or video tape or the like, not previously addressed by the pre-trial order, into evidence, that the same

be tendered to the Court and opposing counsel, outside the presence of the jury, and shown or exhibited to determine its relevance and suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender into evidence by Defendant.

36.     **EXPERT WITNESS BEING SUED OR HAS BEEN SUED BEFORE**.  Defense counsel should not be allowed to show that any expert has been sued before unless counsel has brought it to the Court's attention and made a requisite showing of relevancy to the case.  Defense counsel should be barred from making such inquiry until approved or ratified by the Court.

37.     **ARTICLES, LITERATURE, TEXTBOOKS, OR INFORMATION PURPORTING TO GIVE FOUNDATION FOR DEFENDANT'S OPINIONS**.  If Defendant or its witnesses have been asked for any and all articles, literature, textbooks, or other information (which is a foundation for their opinions prior to trial) and they fail to give such information, they should not be allowed to use these materials as support for their testimony at trial.  These are standard questions in discovery and if Defendant failed to produce any such articles, literature, textbooks or information by this time, it would be extremely prejudicial for Defendant to blurt out such information for the first time in front of the jury.  It would purport to give credence to their testimony without allowing Plaintiff the opportunity to obtain the materials for review and for cross examination.

38.     **PITTING WITNESS AGAINST A WITNESS**.  Plaintiff moves to prohibit defense counsel from asking questions or inquiring of one witness about the veracity, opinions or testimony of another witness.  If defense counsel wants to elicit independent testimony from a witness and then argue the differences before the jury in closing, that may be proper but pitting one witness against another is not proper or allowable. Defense counsel should also be precluded from asking one expert about another's opinion. Once again, this is pitting witness against a

witness or attempting to boost the credibility of a different witness. Rule 703 allows experts to rely on "facts and data" from records that would otherwise be hearsay. The expert can comment on those facts and data, but the facts and data don't come into evidence through expert. Thus, one witness can rely on facts and data gathered by another witness or expert witness in a case to give an opinion but is not allowed to be asked about the other witness's opinion or whether it is correct or not. The witness can only be asked if they relied on the data or facts or a portion and which part of that he relied on to give an opinion. The fact that a witness is relying or not on a set of facts or data is support enough for whether an opinion is correct, partially correct, or wrong and anything further is pitting a witness against a witness for improper reasons.

WHEREFORE, Plaintiff respectfully requests that this Court instruct Defendant, counsel, witnesses, and representatives not to mention or convey to the jury in any manner, the above evidence without first obtaining permission from this Court outside the presence of the jury. Plaintiff further requests that this Court instruct Defendant, counsel, witnesses, and representatives not to refer to the fact that this Omnibus Motion has been filed, granted in part, or denied in part, and to warn and caution each Defense witness to strictly comply with the Court's Order.

Respectfully submitted,

s/ J. Taylor Powell
John Taylor Powell (SC Fed ID 12265)
Ellis R. Lessmann (SC Fed ID 7168)
Lesemann & Associates LLC
418 King Street, Suite 301
Charleston, SC 29403
Office: (843)724-5155
jtp@lalawsc.com
erl@lalawsc.com

Shaun C. Kent (SC Fed ID 9326)
Kent Law Firm, LLC

Post Office Box 117
19 South Mill Street
Manning, SC 29102
Phone: 803-433-5368
shaun@shaunkentlaw.com

Jordan Calloway (SC Fed ID 11066)
McGowan, Hood, Felder & Phillips, LLC
1539 Health Care Drive
Rock Hill, South Carolina 29732
Phone: (803) 327-7800
jcalloway@mcgowanhood.com


Whitney B. Harrison (SC Fed ID 11604)
McGowan, Hood, Felder, & Phillips, LLC
1517 Hampton St.
Columbia, SC 29201
Phone: (803) 779-0100
wharrison@mcgowanhood.com