# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# FLORENCE DIVISION

| | | |
|---|---|---|
| DHD Jessamine, LLC, | ) | Civil Action Number: |
| | ) | 4:22-cv-01235-JD |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Florence County, South Carolina, | ) | **DEFENDANT'S OBJECTIONS TO** |
| | ) | **PLAINTIFF'S PRETRIAL DISCLOSURES** |
| Defendant. | ) | |
| _____ | ) | |

Defendant objects to Plaintiff's Rule 26(a)(3)(A) disclosures, reserving evidentiary objections to be made at the appropriate time, as follows:

## I.   Identification of Witnesses

Defendant objects to the disclosure of the following witnesses by Plaintiff:

### a.   Qwendolyn Bines

Defendant objects to Ms. Bines testifying at trial on the basis that she has not been identified in discovery as having any knowledge which could lead to the testimony of admissible evidence. Ms. was identified as only having knowledge regarding her personal knowledge of living at an apartment complex in the city of Florence. She has not been identified as having personal knowledge of the events of this suit, nor is she competent to testify to the same.

### b.   Malloy McEachin

Defendant objects to Mr. McEachin being called to testify at trial, as he has been assisting with this case in a legal representative capacity since its inception. Inserting Mr. McEachin at this

late stage as a fact witness would, therefore, be extremely prejudicial. Mr. McEachin has not been deposed, and Plaintiff has not pointed to "any information peculiarly with [Mr. McEachin's] knowledge and/or that no other means exist from which to obtain the information." *Cooper v. Omni Ins. Co.,* No. 4:14-CV-706-RBH, 2015 WL 1943802, at *6 (D.S.C. Apr. 29, 2015). Plaintiff is able to obtain testimony regarding the facts of this case from numerous individuals, who he has identified, who are not also legal representatives of Florence County. Therefore, Mr. McEachin should be excluded.

    c.    **Professor Justin Steil, Ph.D.**

Defendant objects to Professor Steil's presence at trial, as he has not been identified in discovery as having any personal knowledge which would currently be relevant or admissible to the facts of this case. The Court has already ruled on the sole issue to which Professor Steil's testimony would relate: Professor Steil's opinion that the zoning of the property disproportionately impacted a minority class, which the Court already decided on Plaintiff's motion for partial summary judgment. ECF Nos. 39-1 and 119. Therefore, that issue is not currently before the Court, and Dr. Steil will not be able to provide any testimony which might assist the jury in any of the determination which are currently before the Court. Professor Steil's testimony would, therefore, only serve to confuse or inflame the passions of the jury. Accordingly, Professor Steil ought to be excluded from trial.

    d.    **Christopher Warner**

Defendant objects to Mr. Warner being called to testify at trial, as upon information and belief, this witness was not timely identified. *See* DSC Local Civ. R. 16.02(D)(2) (stating "[w]itnesses identified within the last twenty-eight days of the discovery period will be presumed

not to be timely identified, absent a showing of good cause.") Upon information and belief, this witness was not identified within the discovery period by any party. Therefore, they ought to be excluded.

    **II.    Designation of Deposition excerpts**

Defendant objects to Plaintiff's designation of deposition excerpts as follows:

    a.    **Objection to Designation of All Deposition Testimony Identified by Plaintiff**

Plaintiff has indicated that Plaintiff intends to introduce deposition excerpts of Frank Brand, Willard Dorriety, Jr., K.G. Rusty Smith, Shawn Brashear, and Kent Caudle. Simply put, the Federal Rules of Civil Procedure contains no allowance for this deposition testimony to be introduced, except for purposes of impeachment. Rule 32(a)(1) indicates that deposition testimony may be used at trial only if it falls within a situation listed in Rule 32(a)(2) – (8), primarily for impeachment, for unavailable witnesses, or if it is "the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4). Upon information and belief, none of these witnesses have been shown to be unavailable. Further, none of the parties listed are currently a party to this suit, nor an "officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Of course, Plaintiff would be permitted to use any depositions taken in this case for purposes of impeachment; however, Plaintiff should not be allowed to read these deposition excerpts into the record, as this testimony should come through testimony elicited at trial.

    b.    **Objection to Designation of Kent Caudle Testimony**

In addition to the above objection to the entirety of Plaintiff's deposition excerpt identifications, Defendant also further objects specifically to the introduction of deposition

testimony by Kent Caudle. Even assuming the Court were to find that the current and former councilmembers in this case are the "Officer, director, managing agent, or designee" of Florence County, the same would not be true of Kent Caudle with any matters relating to this litigation. Mr. Caudle recused himself from the relevant County Council votes at issue in this case. Further, Mr. Caudle represented the Plaintiffs through his real estate firm in the underlying real estate deal. As such, he has not purported to be a representative of the County with regard to anything relating to this litigation. Therefore, Defendant would specifically further object to the introduction of his deposition testimony at trial, except for purposes of impeachment.

    c.    **Line Objections to deposition excerpts**

Defendants further object to the deposition excerpts listed by Plaintiff as follows:

    i. Brand Deposition

1. P. 30, Ln. 7 – P. 31, Ln. 6 – Leading, mischaracterizing, 403
2. P. 48, Ln. 21 – P. 49, Ln. 23 – Leading, mischaracterizing, 403
3. P. 51, Ln. 5 – P. 52, Ln. 16 – Hearsay
4. P. 53, Ln. 2 – 5, 12 – 23 – Relevance, hearsay, testimony by counsel, improper expert opinion
5. P. 56, Ln. 13 – 20 – Improper expert opinion
6. P. 57, Ln. 24 – P. 58, Ln. 5 – Improper expert opinion
7. P. 58, Ln. 17 – P. 59, Ln. 15 – Improper expert opinion, relevance, 403
8. P. 59, Ln. 17 – 19, 21 – 23 – Improper expert opinion, 403, mischaracterization
9. P. 60, ln. 1 – 17 – improper expert opinion, 403, mischaracterization

       10. P. 62, Ln. 6 – 10 – relevance, 403

       11. P. 63, Ln. 19 – P. 66, Ln. 9 – improper expert opinion

       12. P. 79, Ln. 4 – P. 81, Ln. 12 – Improper expert opinion

       13. P. 83, Ln. 24 – P. 84, Ln. 2 – Improper expert opinion, 403

       14. P. Ln. 13 – 21 – improper expert opinion

  ii. Dorriety Deposition

       1. P. 11, Ln. 21 – P. 16, Ln. 14 - Hearsay

       2. P. 18, Ln. 14 – 24 – Speculation

       3. P. 23, Ln. 7 – P. 24, Ln. 3 – Leading, mischaracterization

       4. P. 33, Ln. 24 – P. 36, Ln. 14 – Hearsay, 403, improper expert opinion, speculation, and relevance

       5. P. 37, Ln. 5 – 9 – Mischaracterization, 403, improper expert opinion, speculation, relevance

       6. P. 43, Ln. 25 – P. 44, Ln. 11 – Mischaracterization, 403

  iii. Smith deposition

       1. P. 15, Ln. 1 – P. 16, Ln. 6 – Hearsay, characterizing evidence

       2. P. 21, Ln. 15 – P. 22, Ln. 12 – Mischaracterization, 403

       3. P. 28, Ln. 19 – P. 29, Ln. 7 – Improper expert opinion, mischaracterization, 403

       4. P. 37, Ln. 12 – P. 38, Ln. 20 – improper expert opinion

       5. P. 43, Ln. 5 – 24 – improper expert opinion

  iv. Brashear Deposition (3.1.23)

        1. P. 27, Ln. 16 – P. 28, Ln. 10 – hearsay and improper unsworn testimony by Plaintiff's counsel. This designation contains only counsel's question and no sworn testimony

        2. P. 31, Ln. 12 – P. 33, Ln. 1 - hearsay and improper unsworn testimony by Plaintiff's counsel. At least a portion of this designation contains only counsel's question and no sworn testimony

        3. P. 42, Ln. 20 – P. 43, Ln. 16 – hearsay and improper unsworn testimony by counsel

        4. P. 111, Ln. 13 – P. 112, Ln. 21 - hearsay and improper unsworn testimony by counsel

    v. Caudle Deposition

        1. P. 29, Ln. 6 – P. 30, Ln. 20 – Hearsay

        2. P. 30, Ln. 25 – P. 31, Ln. 13 – hearsay

        3. P. 37, Ln. 11 – P. 48, Ln. 7 – hearsay, 403, improper expert opinion

        4. P. 53, Ln. 21 – P. 55, Ln. 17 – hearsay

**d.**     **Counter Designations**

    i. Brand Deposition

        1. P. 15, Ln. 18 – 25

        2. P. 21, Ln. 13 – P. 22, Ln. 2

        3. P. 24, Ln. 2 – Ln. 10

        4. P. 24, Ln. 16 – 19

        5. P. 46, Ln. 25 – P. 47, Ln. 13

    6. P. 47, Ln. 19 – 22

    7. P. 63, Ln. 10 – 19

  ii. Dorriety Deposition

    1. P. 22, Ln. 5 – 23

    2. P. 47, Ln. 2 – 9

  iii. Smith Deposition

    1. P. 26, Ln. 17 – 18

  iv. Brashear Deposition (3.1.2023)

    1. P. 45, Ln. 11 – 13

    2. P. 45, Ln. 19 – P. 46, Ln. 8

  v. Brashear deposition (10.31.2023)

    1. P. 8, Ln. 7 – 11

In accordance with this Court's pretrial scheduling, ECF No. 142, Defendant will lodge evidentiary objections to Plaintiff's exhibits subsequent to Counsel's upcoming meet and mark conference.

*[Signature page to follow.]*

        Respectfully submitted,

        DAVIDSON &WREN, P.A.


        *s/John P. Grimes, Jr.*
        William H. Davidson, II, #425
        John P. Grimes, Jr. #13808
        1611 Devonshire Drive, 2nd Floor
        Post Office Box 8568
        Columbia, South Carolina 29202
        T: 803-806-8222
        F: 803-806-8855
        wdavidson@dml-law.com
        jgrimes@dml-law.com

        *Counsel for Defendant*

Columbia, South Carolina
September 29, 2025