IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DHD JESSAMINE, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>FLORENCE COUNTY, SOUTH CAROLINA,<br><br>        Defendant. | )<br>)  Civil Action No.: 4:22-cv-01235-JD<br>)<br>)<br>)<br>)<br>)<br>)  **PLAINTIFF'S OBJECTIONS TO**<br>)  **DEFENDANT'S RULE 26(a)(3)(A)**<br>)  **PRETRIAL DISCLOSURES**<br>)<br>)<br>)<br>)<br>) |

Pursuant to Fed. R. Civ. P. 26(a)(3)(B), Plaintiff DHD Jessamine, LLC ("Plaintiff") responds to Defendant Florence County's ("Defendant") Pretrial Disclosures as set forth in detail below.

I.    **WITNESSES**

Plaintiff makes the following objections to witnesses identified in Defendant's Pretrial Disclosures:

1. Phil Lindler- Plaintiff reiterates its objections to Mr. Lindler's testimony as noted in Plaintiff's Motion in Limine to Exclude evidence or testimony from defendant's expert witnesses that has already been determined inadmissible (ECF 150 at pg. 2) filed August 15, 2025.

2. Rod Dooley- Plaintiff reiterates its objections to Mr. Dooley's testimony as noted in Plaintiff's Motion in Limine to Exclude evidence or testimony from defendant's expert witnesses that has already been determined inadmissible (ECF 150 at pg. 2) filed August 15, 2025.

3. Nick Ammons- Defendant has never complied with Rule 33 of the Federal Rules of Civil Procedure regarding this witness. Plaintiff's Interrogatory No. 4 stated requested that Defendant "Give the names and addresses of persons known to you or to your counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements, **and set forth a summary sufficient to inform**

**Plaintiff of the important facts known to or observed by such witness**, or provide a copy of any written or recorded statements taken from such witness. Defendant's only response to this Interrogatory was a generic reference to a "Potential Witness List" which contained absolutely zero summaries for any person listed that comply with Rule 33. For this reason, Defendant should be barred from calling this witness at trial.

4. <u>Johnnie Hewitt</u>- Defendant has never complied with Rule 33 of the Federal Rules of Civil Procedure regarding this witness. Plaintiff's Interrogatory No. 4 stated requested that Defendant "Give the names and addresses of persons known to you or to your counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements, **and set forth a summary sufficient to inform Plaintiff of the important facts known to or observed by such witness**, or provide a copy of any written or recorded statements taken from such witness. Defendant's only response to this Interrogatory was a generic reference to a "Potential Witness List" which contained absolutely zero summaries for any person listed that comply with Rule 33. For this reason, Defendant should be barred from calling this witness at trial.

5. <u>Suzanne Cantey</u> - Defendant has never complied with Rule 33 of the Federal Rules of Civil Procedure regarding this witness. Plaintiff's Interrogatory No. 4 stated requested that Defendant "Give the names and addresses of persons known to you or to your counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements, **and set forth a summary sufficient to inform Plaintiff of the important facts known to or observed by such witness**, or provide a copy of any written or recorded statements taken from such witness. Defendant's only response to this Interrogatory was a generic reference to a "Potential Witness List" which contained absolutely zero summaries for any person listed that comply with Rule 33. For this reason, Defendant should be barred from calling this witness at trial.

6. <u>Lou Klucharick</u> - Defendant has never complied with Rule 33 of the Federal Rules of Civil Procedure regarding this witness. Plaintiff's Interrogatory No. 4 stated requested that Defendant "Give the names and addresses of persons known to you or to your counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements, **and set forth a summary sufficient to inform Plaintiff of the important facts known to or observed by such witness**, or provide a copy of any written or recorded statements taken from such witness. Defendant's only response to this Interrogatory was a generic reference to a "Potential Witness List" which contained absolutely zero summaries for any person listed that comply with Rule 33. For this reason, Defendant should be barred from calling this witness at trial.

7. <u>Gary Finklea</u> - Defendant has never complied with Rule 33 of the Federal Rules of Civil Procedure regarding this witness. Plaintiff's Interrogatory No. 4 stated requested that Defendant "Give the names and addresses of persons known to you or to your counsel to be witnesses concerning the facts of the case and indicate whether or not

written or recorded statements have been taken from the witnesses and indicate who has possession of such statements, **and set forth a summary sufficient to inform Plaintiff of the important facts known to or observed by such witness**, or provide a copy of any written or recorded statements taken from such witness. Defendant's only response to this Interrogatory was a generic reference to a "Potential Witness List" which contained absolutely zero summaries for any person listed that comply with Rule 33. For this reason, Defendant should be barred from calling this witness at trial.

8. <u>Robert Weaver</u> -Defendant has never complied with Rule 33 of the Federal Rules of Civil Procedure regarding this witness. Plaintiff's Interrogatory No. 4 stated requested that Defendant "Give the names and addresses of persons known to you or to your counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements, **and set forth a summary sufficient to inform Plaintiff of the important facts known to or observed by such witness**, or provide a copy of any written or recorded statements taken from such witness. Defendant's only response to this Interrogatory was a generic reference to a "Potential Witness List" which contained absolutely zero summaries for any person listed that comply with Rule 33. For this reason, Defendant should be barred from calling this witness at trial.

9. <u>Bruce Smith</u>- Defendant has never complied with Rule 33 of the Federal Rules of Civil Procedure regarding this witness. Plaintiff's Interrogatory No. 4 stated requested that Defendant "Give the names and addresses of persons known to you or to your counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements, **and set forth a summary sufficient to inform Plaintiff of the important facts known to or observed by such witness**, or provide a copy of any written or recorded statements taken from such witness. Defendant's only response to this Interrogatory was a generic reference to a "Potential Witness List" which contained absolutely zero summaries for any person listed that comply with Rule 33. For this reason, Defendant should be barred from calling this witness at trial.

10. <u>Larry Orr</u> - Defendant has never complied with Rule 33 of the Federal Rules of Civil Procedure regarding this witness. Plaintiff's Interrogatory No. 4 stated requested that Defendant "Give the names and addresses of persons known to you or to your counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements, **and set forth a summary sufficient to inform Plaintiff of the important facts known to or observed by such witness**, or provide a copy of any written or recorded statements taken from such witness. Defendant's only response to this Interrogatory was a generic reference to a "Potential Witness List" which contained absolutely zero summaries for any person listed that comply with Rule 33. For this reason, Defendant should be barred from calling this witness at trial.

11. <u>Jean Leatherman</u> -Defendant has never complied with Rule 33 of the Federal Rules of Civil Procedure regarding this witness. Plaintiff's Interrogatory No. 4 stated requested

that Defendant "Give the names and addresses of persons known to you or to your counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements, **and set forth a summary sufficient to inform Plaintiff of the important facts known to or observed by such witness**, or provide a copy of any written or recorded statements taken from such witness. Defendant's only response to this Interrogatory was a generic reference to a "Potential Witness List" which contained absolutely zero summaries for any person listed that comply with Rule 33. For this reason, Defendant should be barred from calling this witness at trial.

## II.  EXHIBITS

Plaintiff does not waive the requirement of laying a proper foundation for the exhibits that Defendant has identified. Plaintiff also reserves the right to require the exhibits identified by Defendant be authenticated under Fed. R. Evid. 901 and 902 and objects to the extent Defendant's identified exhibits contain hearsay not allowed by the Federal Rules of Evidence.

Plaintiff makes the following specific objections to the exhibits identified by Defendant for the reasons provided below:

1. Expert Report of Phil Lindler –**Objection to any portion of the report that the Court has already excluded pursuant to its prior Daubert Order (DE 116).**
2. Expert Report of Rod Dooley –**Objection to any portion of the report that the Court has already excluded pursuant to its prior Daubert Order (DE 120).**
3. Kent Caudle Documents - **Objection. This is a 116-page PDF containing many irrelevant communications. Further Objection based on hearsay and Rule 403**.
4. Jessamine 5906 -5910 - **Objection based on lack of foundation and relevancy and inadmissible hearsay.**
5. Jessamine 5942 -5945 - **Objection based on lack of foundation and relevancy and inadmissible hearsay.**
6. Jessamine 6492 -6498 - **Objection based on lack of foundation and relevancy and inadmissible hearsay.**
7. Jessamine 8188 - 8562 - **Objection. This is a 375-page PDF is a combination of many different email threads all involving different recipients. This 375-page document contains many irrelevant communications. Further Objection based on hearsay and Rule 403.**
8. Jessamine 15803 -15811 - **Objection based on lack of foundation and relevancy and inadmissible hearsay.**
9. Jessamine 16241 -16243 - **Objection based on lack of foundation and relevancy and inadmissible hearsay. Rule 403.**
10. Jessamine 27149 -27151 - **Objection based Rule 403.**
11. Denied Approval Docs - **Objection based on lack of foundation and relevancy and inadmissible hearsay. Rule 403.**

12. <u>Notes</u> – **Objection based on lack of foundation, inability to authenticate, and lack of relevance.**
13. <u>Recorded Conversation between Drew Schaumber and Kim from State Housing</u> – **Objection based on inadmissible hearsay, lack of relevance, Rule 403.**
14. <u>Recorded Conversation between Drew Schaumber and Eric Adams</u> – **Objection based on inadmissible hearsay, lack of relevance, Rule 403.**
15. <u>Jessamine 9868 -9876</u> - **Objection based on lack of foundation and relevancy and inadmissible hearsay. Rule 403.**
16. <u>Jessamine 8372 -8382</u> - **Objection based on lack of foundation and relevancy and inadmissible hearsay. Rule 403.**
17. <u>Jessamine 10206 -10225</u> - **Objection based on lack of foundation and relevancy and inadmissible hearsay. Rule 403.**
18. <u>Jessamine 14358 - 15177</u> - **Objection. This is a 820-page PDF is a combination of many different email threads all involving different recipients. This 820-page document contains many irrelevant communications. Further Objection based on hearsay and Rule 403.**
19. <u>Jessamine 7668 -7707</u> - **Objection based on lack of foundation and relevancy and inadmissible hearsay. Rule 403.**
20. <u>Jessamine 11784 -11790</u> - **Objection based on lack of foundation and relevancy and inadmissible hearsay. Rule 403.**
21. <u>Jessamine 13488 -13492</u> - **Objection based on lack of foundation and relevancy and inadmissible hearsay. Rule 403.**
22. <u>Jessamine 25793 -25799</u> - **Objection based on lack of foundation and relevancy and inadmissible hearsay. Rule 403.**
23. <u>Jessamine 31014 -31017</u> - **Objection based on lack of foundation and relevancy and inadmissible hearsay. Rule 403.**

Respectfully submitted,

s/ J. Taylor Powell
John Taylor Powell (SC Fed ID 12265)
Ellis R. Lessmann (SC Fed ID 7168)
Lesemann & Associates LLC
418 King Street, Suite 301
Charleston, SC 29403
Office: (843)724-5155
jtp@lalawsc.com
erl@lalawsc.com

Shaun C. Kent (SC Fed ID 9326)
Kent Law Firm, LLC
Post Office Box 117
19 South Mill Street
Manning, SC 29102

Phone: 803-433-5368
shaun@shaunkentlaw.com

Jordan Calloway (SC Fed ID 11066)
McGowan, Hood, Felder & Phillips, LLC
1539 Health Care Drive
Rock Hill, South Carolina 29732
Phone: (803) 327-7800
jcalloway@mcgowanhood.com

Whitney B. Harrison (SC Fed ID 11604)
McGowan, Hood, Felder, & Phillips, LLC
1517 Hampton St.
Columbia, SC 29201
Phone: (803) 779-0100
wharrison@mcgowanhood.com

September 29, 2025