IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DHD JESSAMINE, LLC, | ) | CASE NO.: 4:22-cv-01235-JD |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **JURY CHARGES** |
| FLORENCE COUNTY, SOUTH CAROLINA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>INTRODUCTION</u>

Members of the Jury, it is my duty and responsibility to instruct you on the law you are to apply in this case. But first, I want to express my gratitude to each of you for the time and energy you have devoted to this trial. Jury service is rarely convenient, but without you, justice could not be done in this case. Thank you.

It will take some time for me to read these instructions to you, but it is important for you to listen carefully. I will go as slowly as I can and be as clear as possible. You have been provided with a copy of my instructions so that you can read along as we go. Please feel free to write on these copies. You will be permitted to take them into the jury room with you.

My instructions will be in four parts. First, I will discuss general rules concerning the role of the court and the duty of the jury. Second, I will give you some specific instructions as it relates to this case. Third, I will give you some guidance on

1

the law of damages. Fourth, I will give you some rules and guidelines for your deliberations.

The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

## I.        GENERAL INSTRUCTIONS

### A.        Role of the Jury

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial

supports the arguments. You must determine the facts from all the testimony that you have heard, and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you, and your verdict must be unanimous.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation, local government and all other persons are equal before the law and must be treated as equals in a court of justice.

In making your decisions, you should also be aware that bias can sometimes operate without our conscious awareness. Each of us may hold stereotypes or preconceptions about people based on factors such as race, gender, religion, age, national origin, socioeconomic status, or other personal characteristics. These biases can affect how we remember, what we see and hear, and how we evaluate credibility. It is your duty to set aside any such biases, whether conscious or unconscious, and to base your verdict solely on the evidence and the law as I have given it to you.

During your deliberations, you must not communicate with or provide any information to anyone by any electronic means. You may not use any device or media, such as a cell phone, computer, the internet, any internet service, or any text or instant messaging service, chat room, blog, or website such as Facebook, LinkedIn, YouTube, X, formerly known as Twitter, or TikTok, to communicate to anyone any information about this case or to conduct any research about this case.

**B.** **Parties and Definitions**

- The plaintiff in this case is DHD Jessamine, LLC.

- The defendant in this case is Florence County, South Carolina.

I may refer to the plaintiff as "Plaintiff" or "DHD." I may also refer to the defendant as "Defendant" or "Florence County."

**C.** **Burden of Proof – Preponderance of the Evidence**

This is a civil case. Plaintiff is the party who brought this lawsuit. Defendant is the party against whom the lawsuit was filed. Plaintiff has the burden of proving its case by what is called the preponderance of the evidence. That means plaintiff has to prove to you, in light of all the evidence, that what it claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to plaintiff and the evidence favorable to defendants on opposite sides of the scales, to prevail, plaintiff would have to make the scales tip somewhat on its side. If plaintiff fails to meet this burden, the verdict must be for defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**D.    Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from all the evidence, both direct and circumstantial.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ

from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given you.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## E.    Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand; any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have; and the consistency or inconsistency of his or her testimony considered in light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may, or may not, be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

## F.     Expert Witness

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such expert testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. In weighing the expert's testimony, you also should consider any bias, motive, or interest in the outcome of this case you may find such expert may have.

You may give the opinion testimony whatever weight, if any, you find it deserves, in light of all the evidence in this case. You should not, however, accept expert testimony merely because I allowed the witness to testify concerning his opinion. Nor should you substitute it for your own reason, judgment, and common sense.

The determination of the facts in this case rests solely with you. As with the testimony of any other witness, you, the jury, may decide to accept all, some, or none of the testimony of any expert witness. If you decide that an opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not convincing to you, or if you feel that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

## G.     Impeachment by Witness's Inconsistent Statements

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**H.     No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**I.     Consideration of Deposition Evidence**

Certain testimony has been presented by deposition. A deposition is testimony taken under oath before the trial and preserved in writing or on videotape. During the trial, you heard testimony from a videotaped deposition or a deposition transcript read into the record. All parties and their lawyers had the right to be present and to ask questions. You are to give this evidence the same consideration as you would have given it had the witness testified in open court.

## II.     SPECIFIC INSTRUCTIONS

**A.     Nature of the Action**

The Fair Housing Act makes it unlawful to "refuse to sell or otherwise make unavailable or deny a dwelling to any person because of race." The Fair Housing Act also makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of service or facilities in connection therewith, because of race." Additionally, it is unlawful to "interfere with any person" who has "aided or encouraged" a "person in the exercise or enjoyment of, any right" protected by the Fair Housing Act.

In this case, Plaintiff DHD claims Defendant Florence County—through its decision-making officials—discriminated against, interfered with, and otherwise made housing unavailable for racial minorities, by enacting a development moratorium and downzoning a parcel on which DHD planned to develop workforce housing targeted for low-income families. DHD also claims that these same actions resulted in a disparate impact on racial minorities.

## B.     Liability for Fair Housing Act Violations

One purpose of the Fair Housing Act is to encourage fair housing practices throughout the United States. Consistent with this purpose, the Fair Housing Act provides liability should you find any Florence County official violated the law in his or her official role, and therefore, Florence County may bear liability for the official's actions.

## C.     Aggrieved Person

Any individual or corporation who claims to have been injured by a discriminatory housing practice may pursue relief through a Fair Housing Act claim. This may include a member of a protected class who was the victim of a discriminatory practice or a developer whose proposed project is inhibited by the discriminatory practice.

## D.     Disparate-Treatment Liability

DHD alleges two types of Fair Housing Act claims. The first is known as a "disparate-treatment theory," which I will explain to you now. To prevail on this claim, DHD must prove Florence County, through its officials, engaged in intentional

discrimination in certain housing practices prohibited by the Fair Housing Act. To do that, DHD has the burden of proving by a preponderance of the evidence that Florence County's actions in enacting a development moratorium and downzoning a parcel on which DHD planned to develop workforce housing targeted for low-income families made housing unavailable, and these actions were motivated at least in part by the race of the intended residents of that same housing development.

I will explain this to you in two parts. First, I will explain the prohibited housing practice alleged. Then, I will explain to you the types of evidence you may consider in evaluating the alleged discriminatory motive or intent of Florence County in engaging in these housing practices.

Under the Fair Housing Act, it is a discriminatory housing practice to engage in conduct that makes housing unavailable because of the race of the:

- buyer or renter;

- a person residing in or intending to reside in that dwelling after it is sold, rented, or made available; or

- any person associated with that buyer or renter.

In other words, it is unlawful to impose burdens on a class of residents or potential residents, making it more difficult for them to obtain housing; to cause delays in securing housing; or to otherwise convey a sense that the class of residents are unwanted because of their race. If Florence County has engaged in any of these housing practices, it is said to have made housing unavailable. Prohibited conduct includes employing local rules, codes, or other devices to segregate or reject

applicants, purchasers, or renters, or implementing zoning-related rules, policies, or requirements that restrict housing.

A local government may not make housing unavailable because of race. If you find, by a preponderance of the evidence, that Florence County made housing unavailable to the intended residents of DHD's workforce housing development because of their race, then you must find that Florence County violated the Fair Housing Act. If you do not find that Florence County made housing unavailable to DHD because of the race of the intended residents of DHD's workforce housing development, then you must find that Florence County did not violate the Fair Housing Act on this claim.

I will now explain to you the types of evidence you may consider in evaluating the alleged discriminatory motive or intent of Florence County in engaging in these housing practices.

## E.    Evidence of Discriminatory Intent Required for Disparate Treatment

### 1.    Discriminatory Intent: Motivating Factor

As regards DHD's disparate-treatment claim, DHD will have established that Florence County engaged in intentional discrimination if they showed that Florence County engaged in a housing practice I just described because of the race of the intended residents of the workforce housing development.

Next, I will describe what it means to take an action "because of" race. In order to determine whether Florence County's actions were taken because of race, you must

decide whether Florence County's actions were motivated in part by the race of the intended residents of the workforce housing.

DHD is not required to prove that race was the only reason for Florence County's behavior. Rather, they are only required to show that the race of the intended residents of DHD's workforce housing development was one motivating factor for the conduct. This means that in order for Florence County to be found liable, race need only have played some role in Florence County's behavior. DHD can establish that race was one motivating factor in Florence County's conduct through one of two ways, which I will now go on to describe.

### 2.    Evidence of Motivating Factor: Decisionmakers' Intent

One way for DHD to recover on this theory is for it to establish Florence County—through its officials—had a discriminatory intent or motive in enacting the development moratorium and downzoning a parcel on which DHD planned to develop workforce housing development targeted for low-income families. The Fair Housing Act makes it unlawful for Florence County—through its officials—to make zoning decisions based on discriminatory intent or motive.

DHD may prove Florence County—through its officials—had the required discriminatory intent or motive using either direct or circumstantial evidence. Outright admissions of discriminatory intent are infrequent, and plaintiffs often must rely upon other evidence. Whether discriminatory intent was a motivating factor behind Florence County's actions may be inferred from the totality of the

relevant facts. For example, in evaluating circumstantial evidence of discriminatory intent or motive, you should consider the following nonexclusive factors:

1.     The historical background of the challenged decisions;

2.     The specific sequence of events leading up to the challenged decisions;

3.     Departures from the normal procedural sequence;

4.     The legislative history of the decisions; and

5.     The disproportionate impact of the official actions and specifically whether it bears more heavily on one race than another.

These are not the only factors you may consider when evaluating if Florence County, through its officials, acted with discriminatory intent or motive. Nor do you need to have evidence of all of these factors in order to determine Florence County's officials were motivated in part by discriminatory intent.

### 3.     Evidence of Motivating Factor: Responding to Citizens

Even if Florence County officials did not personally hold discriminatory beliefs, there is a second, alternative way that DHD may demonstrate that Florence County's acts were motivated in part by race. Discriminatory intent or motive may also be shown if racial bias held by members of the community served as a motivating factor in the County's actions. If you find that County officials took action in response to, or for the purpose of accommodating, opposition rooted in racial prejudice, that may constitute intentional discrimination under the Fair Housing Act.

The Plaintiff may prove that the County acted "because of" race by demonstrating that County officials were influenced by public opposition to the

Jessamine project when that opposition was itself motivated by racial bias. Members of the public are entitled under the First Amendment to voice their opinions to government officials, including opinions based on improper or prejudiced views. However, government officials are not permitted to base their decisions on such discriminatory sentiments. If you find that Florence County's actions were motivated, even in part, by racial prejudice reflected in community opposition, then the County's conduct would constitute intentional discrimination under the Fair Housing Act.

Whether through decisionmakers' intent or motive or through responding to citizens, if you conclude DHD has failed to establish discriminatory intent was a motivating factor for Florence County's actions, you must find for Florence County on this claim.

### 4.    Legitimate, Nondiscriminatory Reasons or Pretext

If, on the other hand, you conclude that DHD has established the required discriminatory intent or motive, you must then proceed to consider whether Florence County has shown a legitimate, nondiscriminatory reason for its decision.

If you conclude that Florence County has shown a legitimate, nondiscriminatory reason for its decision, you must further proceed to consider whether DHD has shown whether Florence County's offered reason or reasons are a pretext or otherwise unworthy of belief. That is, if rather than being the true reason for any actions, these alleged non-discriminatory reasons were actually developed over time to counter the evidence suggesting discrimination motivated by race.

If you so conclude, you must decide in favor of DHD on this claim. If you conclude otherwise, then you must decide in favor of Florence County on this claim.

## F.     Disparate-Impact Liability

DHD also brings a claim under the Fair Housing Act based on a "disparate-impact theory." Under the Fair Housing Act, it is unlawful to enforce zoning laws or other housing policies that, though neutral on their face, operate in a manner that unfairly excludes racial minorities from certain neighborhoods without adequate justification. DHD contends that Florence County's actions had a disproportionately harmful effect on racial minorities and that this impact was not justified by any valid interest or legitimate objective.

For a disparate-impact claim, the law requires DHD first to establish a robust causal connection between Florence County's conduct and the proposed disparate impact on racial minorities. The Court has already determined that DHD has met this initial requirement. Therefore, I charge you to consider whether Florence County has identified and explained a valid interest or legitimate objective served by its challenged actions. If you find Florence County has done so, then determine whether DHD has shown that Florence County's stated interest could have been achieved through another practice with a less discriminatory effect on racial minorities.

If you find that Florence County has offered a valid interest or legitimate objective and DHD has not proven that a less discriminatory alternative was available, you must find for Florence County on this claim. However, if you find that

Florence County has not shown a valid interest or legitimate objective, or that DHD has proven a less discriminatory alternative was available, you must find for DHD.

## III.     DAMAGES

## A.     General Instructions

It is exclusively your function to decide upon liability. I am instructing you on the law of damages so that, if you decide that DHD is entitled to recover damages against Florence County, you will have guidance as to how you should proceed to determine damages. If DHD fails to prove the elements of their claims against Florence County, then Florence County has prevailed on the issue of liability and you should not consider the issue of damages. Only if DHD has proven, by a preponderance of the evidence, that Florence County is liable should you address the issue of damages.

Before I instruct you on the issue of damages, a few words of caution are in order. The fact that I am instructing you on the subject of damages does not mean that I have an opinion one way or the other on whether you should or should not reach the issue of damages in your deliberations. In respect to the damages claimed, as in respect to every other matter before you, you can award only such damages as are justified by the proof and the law. The burden is on DHD to satisfy by a preponderance of the evidence the extent and nature of the losses it suffered as a result of Florence County's actions. It is not Florence County's burden to disprove the claimed losses.

Our law permits counsel for any party to argue to the jury his or her view of the proper amount of damages. You should understand that what a lawyer says about the amount of damages is not evidence but only argument, and the determination of the amount to be awarded, if any, is solely your function, and in your deliberations you may accept or disregard his or her argument on the amount of damages.

## B.     Actual Damages

If you find Florence County violated the Fair Housing Act under either a disparate-treatment theory or a disparate-impact theory, or both, you will then consider whether DHD is entitled to recover any damages for any violation.

The Fair Housing Act allows a successful plaintiff to recover "actual damages" proximately caused by the violation. "Proximate cause" means that the injury or damage alleged has a sufficiently close connection to the Fair Housing Act violation Florence County allegedly committed. DHD bears the burden to prove any Fair Housing Act violation Florence County committed was a proximate cause of DHD's claimed damages. DHD must do more than show its damages were foreseeable to Florence County. In addition to foreseeability, DHD must go on to show some direct relation between its injuries and Florence County's misconduct.

The purpose of actual damages is to compensate DHD for the damages inflicted on it by any violations of the law that it has proven. Compensatory damages are limited to restoring to a plaintiff, as far as money can, what they lost because of the harm they suffered. They are not awarded to punish a defendant for its unlawful actions.

18

The law places the burden on DHD to prove facts that will enable you to arrive at the amount of damages with reasonable certainty. This is not a requirement of mathematical precision, and you are permitted to determine the amount of damages by estimation or approximation, as long as DHD provides you with a reasonable basis for such estimation or approximation, such that you are not required to make a calculation by guessing or speculation. You should be guided by dispassionate common sense.

If DHD has proven all the essential elements of any of their claims, then you must award them a sum of money that you believe will fairly and justly compensate them for any injury you believe they actually sustained as a proximate result of Florence County's misconduct. You shall award damages only for those injuries that you find DHD has proven by a preponderance of the evidence. Moreover, you may not simply award damages for any injury suffered by DHD—you must award damages only for those injuries that are a proximate result of Florence County's conduct that violated the law.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

There are two types of compensatory damages that you may consider: economic damages and non-economic damages. Economic damages are compensation for pecuniary losses, which may include money actually spent on debts and financial losses incurred as aa result of the injury. This includes lost profits so long as DHD

proves the fact of actual reduction in business profits with reasonable certainty and provides a reasonable estimate of the amount of damages.

Non-economic damages, on the other hand, are compensation for all non-pecuniary losses including injury to reputation, and the effect of diverting DHD's resources away from its other activities in order to address Florence County's unlawful conduct and damage to DHD's ability to carry out its mission and purpose.

Actual loss is not limited to expenses or debts incurred. Instead, injuries of any kind are to be fully and fairly compensated if they are proximately caused by the violation. You should award damages to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated. The damages you award should be proportional to the actual loss sustained, whether that loss is one of the other types of loss I have previously discussed with you.

## C.     Mitigation of Damages

If you find DHD was injured as a result of conduct by Florence County in violation of the Fair Housing Act, you must determine whether DHD could have done something to lessen the harm suffered. Florence County has the burden to prove by a preponderance of the evidence that DHD could have lessened or reduced the harm done to it and that it failed to do so.

If Florence County establishes by a preponderance of the evidence that DHD could have reduced the harm done to it but failed to do so, DHD is entitled only to

damages sufficient to compensate for the injury that DHD would have suffered had DHD taken reasonable action to reduce the harm.

## D.    Punitive Damages

The Fair Housing Act also permits, but does not require, the jury in certain cases to award the injured plaintiff punitive damages. The purpose of punitive damages is to punish the wrongdoer for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct. Punitive damages may only be awarded if you award actual damages.

Whether or not to make an award of punitive and exemplary damages in addition to actual damages is a matter exclusively within your province. If you unanimously find, by a preponderance of the evidence in the case, that defendant's conduct involved reckless indifference to another's federally protected rights, you may award punitive damages. "Reckless indifference" means a defendant's actions were taken with knowledge that it may be acting in violation of federal law—here, the Fair Housing Act.

To make this decision, you may consider whether Florence County was aware of the Fair Housing Act's protections and whether Florence County discriminated in spite of the risk that its actions violated the Fair Housing Act.

If you find punitive damages to be appropriate, you should calculate them by considering the following factors:

1.  The reprehensibility of Florence County's conduct;

2.  The impact of Florence County's conduct on DHD, though you may not consider harm to others in deciding the amount of punitive damages to

award;

3. The likelihood that Florence County would repeat the conduct if an award of punitive damages is not made;

4. The level of taxpayer or constituent knowledge, participation, and influence on Florence County's decision to take action against DHD; and

5. The relationship of any award of punitive damages to the amount of actual harm DHD suffered.

You should always bear in mind that such extraordinary damages may be allowed only if you first unanimously award DHD a verdict for actual damages. You should also bear in mind not only the conditions under which and the purposes for which the law permits an award of punitive damages, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

## IV.  CLOSING INSTRUCTIONS

### A.  Introduction to Deliberations

That concludes the part of my instructions explaining the charges in this case. Now, let me finish up by explaining some things about your deliberations in the jury room.

### B.  Juror Conduct

Remember that you must make your decision based only on the evidence that you saw and heard here in court. During your deliberations, you must not communicate with or provide any information to anyone by any means about this

case. You may not use any electronic device or media or application such as a telephone, cell phone, or computer, the Internet, any Internet service, or any text- or instant-messaging service, any Internet chat room, blog, or website such as Facebook, Google, X (formerly known as Twitter), Instagram, WhatsApp, TikTok, or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror who has violated these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers—and the news and social media apps on those devices—may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would

unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**C.     Note-Taking**

Some of you have taken notes during the trial. Remember that the notes are for your own personal use. They are not to be given or read to anyone else and they are not to be used in place of your memory.  If a conflict exists between your written notes and your memory, you should rely on your memory.

**D.     Communicating with the Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your foreperson or by one or more members of the jury.  No member of the jury should attempt to communicate with me except by a signed writing; and I will only communicate with members of the jury in writing, or orally, here in open court.  Remember that you are not to tell anyone, including me, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

**E.     Verdict Form**

I have prepared a verdict form that you should use to record your verdict. If you decide that the Plaintiff has or has not proved its claim against the Defendant by a preponderance of the evidence, say so by having your foreperson mark the appropriate place on the form.

**F.     Return of Verdict**

You will take the verdict form to the jury room, and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then advise the courtroom security officer outside your door that you have a verdict, and you are ready to return to the courtroom.

## G.     Deliberations

You are about to retire to the jury room to deliberate whether or not the Plaintiff has proven its claim against Defendant by a preponderance of the evidence.

The first item of business when you retire to the jury room is the election of the foreperson of the jury. The foreperson will preside over the deliberations and speak for the jury, if necessary, here in court.

In order to return a verdict, each juror must agree to it. You have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to the individual judgment of each juror. Each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors. In the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it was erroneous. Each juror who finds himself in the minority should reconsider his views in light of the opinions of the majority, and each juror who finds himself in the majority should give equal consideration to the views of the minority. No juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a

verdict. Your deliberations will be secret; you will never have to explain your verdict to anyone.